HENRY SPIELVOGEL, Respondent, *v.* RICHARD F. VEIT and EMMA A. VEIT, Appellants.

Second Department, July 22, 1921.

Vendor and purchaser — memorandum signed by parties construed as agreement by vendor to sell — doctrine that provision in writing overrides that in printing applied — memorandum agreement may be enforcible though parties contemplate formal contract — memorandum not complete contract, which may be specifically enforced, where duration of mortgage and rate of interest not specified.

A memorandum agreement signed by all the parties may be construed as an agreement on the part of the vendor to sell the real property described therein where the price stated is called the " price agreed on," though there is no express agreement on the part of the vendor to sell.

The inconsistency in the provisions regarding mortgages may be solved by the doctrine that the provision in writing overrides that in printing.

The fact that the memorandum agreement provided that a contract was to be executed in duplicate, when a further payment was to be made, is evidence that the writing was not intended to be a complete contract, but it is not conclusive, for if the writing contained all the essential terms of a complete contract, it is enforcible although the parties contemplated a more formal instrument.

The memorandum agreement, however, was not a complete contract which may be specifically enforced, since there was no time.fixed for the duration of the first mortgage provided for in the agreement and no rate of interest was prescribed, and this together with.the fact that.the parties agreed that a contract should thereafter be executed leads to the conclusion that the instrument in question was merely a record of the agreement so far as reached, leaving substantial matters to be settled in the formal contract.

APPEAL by the defendants, Richard F. Veit and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of November, 1920, upon the decision of the court rendered after a trial at the Kings Special Term.

*William C. Beecher* [*Justus W. Smith* with him on the brief], for the appellants.

*Matthew Feldman,* for the respondent.

BLACKMAR, P. J.:

The complaint alleges a contract in writing for the sale of land. . The plaintiff vendee introduced in evidence the following writing, signed by all the parties:

'MEMORANDUM AGREEMENT

I hereby agree to purchase House and Lot at
No. 1537 Nostrand Ave.
Borough of Brooklyn
County of Kings
at price agreed on, $10500.
$250 upon the signing of this memorandum, the receipt
whereof is hereby acknowledged, and a further
$750 upon the delivery of a contract duly executed,
which contract is to be executed in duplicate by
me on or before Apr. 7th, 1920
and I agree to pay $3500.
upon delivery a full covenant deed, conveying
property subject to mortgages now a lien, Apr. 30, 1920
1st mortgage of $6000
2nd       "       $. . . . . . . . . . . . .
Purchase money of $. . . . . . . . . . . . . . . . . . . .
all monies accepted are subject to the approval of
the owner, referring both to price and terms.
Dated 6 day of Apr. 1920.
Henry Spielvogel, Purchaser
Richard F. Veit
Emma A. Veit        Address
Altman & Seyman        Agent
    "ALTMAN & SEYMAN
            "Real Estate
                "6 Snyder Ave., Brooklyn, N. Y."

The plaintiff gave defendants a check for $250, which has not been cashed. On the following day the parties met and plaintiff produced a formal contract. It differed in material respects from the writing just quoted. It is enough to point out that by it the seller was required to pay taxes for the first half of 1920, that "all personal property appurtenant to or used in the operation of said premises is represented to be owned by the seller and is included in this sale, and in

particular the carpets, chandeliers, gas stoves and gas ranges, awnings, etc.," and that any assessments payable in future installments should be deemed to be due and payable by the seller. The defendants refused to sign. Subsequently, the vendee sued for specific performance and had judgment.

The only question on this appeal is whether the writing above quoted was intended to be a final complete contract. In solving this the writing must be analyzed in the light of the existing circumstances. It is to be borne in mind that the complaint declares on a contract in writing, and evidence of conversations at or before the time of signing the paper is incompetent to change it or enlarge its terms.

There is no expressed agreement on the part of the vendor to sell, but the writing is entitled " Memorandum Agreement," the price, $10,500, is called the " price agreed on," and the document is signed by all the parties. It may, therefore, be treated as an agreement on the part of the vendor to sell. (*Tobias* v. *Lynch,* 192 App. Div. 54.)

There is an inconsistency in the provisions regarding the mortgages. It is stated that the premises are to be conveyed " subject to mortgages now a lien." Then follows: " 1st mortgage of $6,000." As matter of fact the only mortgage then a lien was one for $2,750. Given their literal meaning these provisions are conflicting, for the amount of cash to be paid, *i. e.,* $4,500, added to the $6,000 mortgage, makes up the purchase price. This difficulty may be solved by the doctrine that the provision in writing overrides that in printing (*Chadsey* v. *Guion,* 97 N. Y. 333), and the words " subject to mortgages now a lien " are part of the printed form, whereas the written figures, " $6,000 " follow the printed words " 1st mortgage of $. . . ." The intent might be read into the writing that the seller agreed to take steps to sell subject either to a first mortgage of $6,000 obtained by him from another, or a purchase-money mortgage taken back. The provision " all monies accepted are subject to the approval of the owner, referring both to price and terms " was obviously inserted in a form drawn up by a broker to aid him in bringing the parties together by taking a part payment from the purchaser subject to the vendor's approval. The signature of the vendor sufficiently approves it in this case.

This writing provides that a contract is to be executed in duplicate, when a further payment is to be made. This is evidence that the writing was not intended to be a complete contract (*Brown* v. *New York Central R. R. Co.*, 44 N. Y. 79), but it is not conclusive, for if the writing contains all the substantial terms of a complete contract, it is none the less one and may be enforced although the parties contemplated a more formal instrument. (*Sanders* v. *P. B. F. Co.*, 144 N. Y. 209.)

In the writing we find lacking two terms, which would usually be considered essential to a complete contract. There is no time fixed for the duration of the first mortgage of $6,000 and no rate of interest prescribed. Of course, the parties may make a contract without expressing these terms, and it may be specifically enforced, for the legal rate of interest may be assumed and the mortgage may be due on demand. (*Bennett* v. *Austin*, 9 Wkly. Dig. 88.) This was decided by the Court of Appeals, but I do not find it in the regular reports. (Jones Mort. [6th ed.] § 75.) But in this case, where the writing, as pointed out above, can have no construction under the existing circumstances but as an agreement to place a new mortgage on the premises, it would be absurd to assume that the parties intended the idle formality of a new mortgage immediately due. The fact that they agreed that a contract should thereafter be executed, forces the conclusion that the duration of the mortgage and the rate of interest were left to be settled on the execution of the formal contract. The writing, therefore, is not a complete contract which may be enforced specifically, but a record of the agreement so far as reached, leaving substantial matters to be settled in the formal contract.

The judgment should be reversed, and as the complaint alleged a contract in writing and the writing proved was not a contract, the complaint should be dismissed, with costs.

RICH, KELLY, JAYCOX and MANNING, JJ., concur.

Judgment reversed and complaint unanimously dismissed, with costs.