WILLIAM POLLAK, Respondent, *v.* JOHN DAPPER, Appellant.

First Department, February 18, 1927.

**Vendor and purchaser — specific performance of land contract — provision for execution of formal contract does not defeat validity of complete memorandum — memorandum in this case is insufficient since it provides that terms of mortgage shall be determined later — plaintiff cannot succeed.**

The plaintiff, in this action to compel the specific performance of an alleged land contract, cannot succeed, since it appears that the memorandum evidencing the contract is not complete, for it specifically provides that the terms of the purchase-money mortgage are to be arranged upon the signing of a formal contract.

A provision for the execution of a formal contract does not defeat the validity of a memorandum which is complete in itself and intended to be a contract.

*It seems,* that if the memorandum had been silent as to the terms of the mortgage, the law would imply that the mortgage would be payable upon demand and at the legal rate of interest.

MERRELL and FINCH, JJ., dissent, with opinion.

APPEAL by the defendant, John Dapper, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of February, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

First Department, February, 1927.    [Vol. 219

*John J. Buckley* of counsel [*Patrick J. McGrath*, attorney], for the appellant.

*Henry W. Unger* of counsel [*A. Georges Sidelle*, attorney], for the respondent.

PROSKAUER, J.    An informal memorandum of sale of real estate signed by the appellant recited the receipt of the earnest money, a description of the property, the price, the down payment to be made upon the signing of a contract, the amount of the purchase-money mortgage to be given " upon the delivery of the deed the balance purchase money mortgage terms to arrange upon the signing of the contract," and the time for the execution of the contract. The memorandum is sued upon as an enforcible agreement.

Provision for execution of a formal contract does not defeat the validity of a memorandum apparently complete and intended to be a contract.    If this memorandum were silent as to the terms of the mortgage, the law would imply that the mortgage would be payable upon demand and at the rate of interest of six per cent. But it is not silent.    It states " terms to arrange upon the signing of the contract " and so shows upon its face that there were unsettled terms upon which the parties intended further to negotiate.    This memorandum comes within the condemnation of *Spielvogel* v. *Veit* (197 App. Div. 804), where BLACKMAR, P. J., writes (at p. 807): " But in this case, where the writing,  *  *  *  can have no construction under the existing circumstances but as an agreement to place a new mortgage on the premises, it would be absurd to assume that the parties intended the idle formality of a new mortgage immediately due.    The fact that they agreed that a contract should thereafter be executed, forces the conclusion that the duration of the mortgage and the rate of interest were left to be settled on the execution of the formal contract.    The writing, therefore, is not a complete contract which may be enforced specifically, but a record of the agreement so far as reached, leaving substantial matters to be settled in the formal contract."

In that case the court had to rely on an inference that there were still terms to be agreed upon.    Here no inference is necessary since the memorandum expressly states that there were still terms to be arranged.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., and McAVOY, J., concur; MERRELL and FINCH, JJ., dissent.

MERRELL, J. (dissenting).    The defendant has appealed from a judgment of the Special Term for trials decreeing that the defendant

specifically perform a certain agreement for the sale to plaintiff of real property. The agreement in question, signed by defendant and duly acknowledged, was as follows:

" LOUIS F. SOMMER
" Real Estate and Insurance
" 847 Columbus Avenue
" Bet. 101st & 102nd Streets
" NEW YORK, *Mar.* 21st, 1925.

" Received from William Pollak the sum of Five Hundred Dollars ($500) being deposit on the purchase of the property 443 9th Ave. Borough of Manhattan, City of New York size 24.10 x 100 feet purchase price Forty-one thousand Dollars ($41,000) *subject to terms as agreed* fifteen hundred ($1500) dollars upon the signing of the contract making $2000 to be credit on the contract and $13000 upon the delivery of the deed the balance purchase money mortgage terms to arrange upon the signing of the contract which is to be signed by the seller and purchaser on Monday March 23 /1925 at 11 A. M. at the office of the sellers attorney.

JOHN DAPPER.

" STATE OF NEW YORK ⎱
COUNTY OF NEW YORK ⎰ *ss.:*

" On this 21st day of March, 1925, before me personally came John Dapper, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

" ARTHUR T. SOMMER,

[SEAL]

" *Notary Public, New York County.*
Clerk's No. 354, Register's No. 6023.
" Commission expires March 30, 1926."

(Italics are the writer's.)

The appellant answered in the action admitting the execution of the written instrument above quoted. Upon this appeal the defendant asks reversal upon the ground that the instrument was not a binding contract on the defendant, and that it was ambiguous and uncertain in its terms, and in violation of the Statute of Frauds. The defendant did not in his answer plead the Statute of Frauds.

There is practically no issue of fact between the parties. The price to be paid for the property by the plaintiff is definitely stated. The time of payment of the purchase-money mortgage, which formed only a part of the consideration, was not expressly stated. Where no time of payment is provided by an instrument, the law implies that payment is at once due, or, at least, that payment

is to be made upon demand, and where the rate of interest is not mentioned, then the law implies that interest is to be at the legal rate, in this State, six per cent per annum. On the due date and on the adjourned date the parties appeared, and the defendant refused to perform because of objections which he claimed had been made by his wife, that he was not getting as much as he should for the property, and it also appeared that his son objected, as he wished to hold the property and use it for running a bakery shop. The evidence discloses a plain case of " welching " on the part of the defendant. It is true that the parties contemplated the making of a more formal contract, but that circumstance is not conclusive. (*Spielvogel* v. *Veit,* 197 App. Div. 804.) In that case the court, among other things, said (at p. 807): " This writing provides that a contract is to be executed in duplicate, when a further payment is to be made. This is evidence that the writing was not intended to be a complete contract (*Brown* v. *New York Central R. R. Co.,* 44 N. Y. 79), but it is not conclusive, for if the writing contains all the substantial terms of a complete contract, it is none the less one and may be enforced although the parties contemplated a more formal instrument. (*Sanders* v. *P. B. F. Co.,* 144 N. Y. 209.) "

In the *Spielvogel* case, Presiding Justice BLACKMAR, further writing, said: " Of course, the parties may make a contract without expressing these terms [no time fixed for the duration of the mortgage and no rate of interest prescribed], and it may be specifically enforced, for the legal rate of interest may be assumed and the mortgage may be due on demand. (*Bennett* v. *Austin,* 9 Wkly. Dig. 88.) This was decided by the Court of Appeals, but I do not find it in the regular reports. (Jones Mort. [6th ed.] § 75.) "

The evidence shows that the plaintiff was at all times ready, willing and able to pay the purchase price and to secure the same by mortgage, or, if the defendant should insist, was ready, able and willing to pay the defendant the purchase price in cash. The defendant concededly agreed to sell his property for $41,000 and to arrange a mortgage upon some terms. On the due date he refused to sell on any terms, although the purchaser signified his willingness to meet any terms which the defendant might impose, even to the extent of paying cash. The defendant simply backed out of his agreement and refused to accept the purchase price agreed upon. It is to be noted that in the written contract executed by the defendant there is an entire absence of punctuation. In this very informal instrument I think it cannot be said, " terms to arrange upon the signing of the contract," necessarily related to the words " purchase money mortgage " preceding them. It may well be that the expression, " terms to arrange upon the signing of the

contract," referred to other terms than the time of payment or rate of interest upon the purchase-money mortgage. The word " terms " in the contract may well have referred to adjustments of rent, taxes and other incidental matters which might arise upon the execution of the formal contract. I think the trial court, in the absence of any allegation in the answer that the contract sued upon was void by reason of the Statute of Frauds, properly held the defendant to specific performance thereof.

I, therefore, dissent from the prevailing opinion, and vote for affirmance of the judgment appealed from.

FINCH, J., concurs.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.