WILLIAM E. KERER, Respondent, v. SALEM LEVINE and SAMUEL ROOCHWARG, Appellants.— Judgment of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

SAMUEL LAVINGER, Respondent, v. DORA SPANIER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

SOPHIE LAVINGER, Respondent, v. DORA SPANIER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

ANNA E. LITTLE, Appellant, v. CROSSWIL REALTY CORPORATION and Others, Defendants. SEAMEN WOODRUFF, Receiver, Respondent.— Order directing referee to retain, from proceeds of sale, two thousand dollars over and above his own fees and expenses until the account of the receiver appointed in the proceeding shall have been judicially settled,' etc., reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Plaintiff alleges, and the receiver does not deny, that, of the fund collected by him, he has in his hands a balance amply sufficient to pay his fees and legitimate expenses. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

FREDERICK LOSCHE, Respondent, v. JULES HURTIG, JOSEPH HURTIG and HARRY J. SEAMON, Appellants.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The memorandum dated April 6, 1925, and "Accepted" April 13, 1925, was a complete contract, even though, as the facts indicate, a more formal contract was contemplated. (Sanders v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209; Spielvogel v. Veit, 197 App. Div. 804; No. 2 & 4 Roman Avenue, Inc., v. Goddard, 220 id. 138.) We find, however, that plaintiff's assignor, Shuffle Along, Inc., was without power to make the contract. The contract between Shuffle Along, Inc., and the "Authors," upon which that corporation assumed to give producing rights to defendants, contemplated a personal relationship between Shuffle Along, Inc., and the "Authors." Shuffle Along, Inc., was to act as "Manager" in the production of the play, and the "Authors" were to be performers therein. It was not contemplated that Shuffle Along, Inc., should, without consent of the "Authors" sanction production by third parties, and the non-assignability clause of the contract was doubtless inserted to prevent such action on the part of the corporation. In view of this, and of the "Authors'" failure to grant consent, the defendants were justified in refusing to proceed. Findings of fact and conclusions of law inconsistent with this decision are reversed, and new findings will be made in accordance herewith. Kelly, P. J., Manning, Kapper, Lazansky and Hagarty, JJ., concur. Settle order on notice.