KEYSTONE HARDWARE CORPORATION, Respondent, *v.* PATRICK TAGUE, Appellant.

**Vendor and purchaser — down payment — action to recover as for money had and received — summary judgment improper where issues of fact are raised by pleadings and affidavits — purchaser may not recover down payment if vendor is willing to convey — vendor may not compel specific performance where material element of contract was left for future negotiations.**

1. Where a complaint states a cause of action for money had and received, the answer admits receipt of the money but denies any promise to pay or demand and alleges as a counterclaim that the sum was paid pursuant to an agreement in writing for the sale of land, that defendant was willing to perform but plaintiff refused to consummate the purchase and demands specific performance, and the reply admits the agreement but denies that it was in writing and pleads the Statute of Frauds and further issues of fact are raised by affidavit, an award of summary judgment is improper.

2. Where it appears from such affidavits if true that the parties signed a memorandum in writing complete in all respects except as

to the duration of certain mortgages which was left for further agreement which was subsequently orally reached and that plaintiff recognizing its validity paid the money it now seeks to recover, a jury might find on the issues created that plaintiff had paid its money in part performance of a contract which was never in danger of repudiation by defendant, in which event plaintiff could not recover.

3. Nor can defendant enforce specific performance. If a material element of a contemplated contract is left for future negotiations there is no contract enforcible under the Statute of Frauds and duration of mortgages is a material element in an agreement for the sale of land. (*Ansorge* v. *Kane*, 244 N. Y. 395; *Pollak* v. *Dapper*, 245 N. Y. 628, followed.)

*Keystone Hardware Corp.* v. *Tague*, 218 App. Div. 820, reversed.

(Submitted June 22, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1926, which unanimously affirmed an order of Special Term granting a motion by plaintiff to strike out the answer and for summary judgment.

*John C. von Glahn* for appellant. Where the answer denies the material allegations of the complaint, or where the opposing affidavits controvert the moving affidavits, it is error for the court to give judgment under rule 113. (*Gibbs* v. *Title Guarantee & Surety Co.*, 79 Misc. Rep. 247; *Wayland* v. *Tysen*, 45 N. Y. 281; *Panzica* v. *Boasberg*, 209 N. Y. Supp. 593; *Hinrichs, Inc.*, v. *City of New York*, 121 Misc. Rep. 592; *Coler* v. *Reiss*, 203 N. Y. Supp. 771; *Dwan* v. *Massarene*, 199 App. Div. 872; *Chelsea Exchange Bank* v. *Munoz*, 202 App. Div. 702; *Friedman* v. *Kamener,* 203 App. Div. 687; *Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *Munoz & Co.* v. *Savannah Sages Refining Corp.*, 193 N. Y. Supp. 422; *Feingold* v. *Scardoccione*, 187 N. Y. Supp. 68; *Rogan* v. *Consolidated Copper Mines Co.*, 117 Misc. Rep. 718.) A vendee under an agreement for the purchase of land, whether or not it satisfies the Statute of Frauds, cannot recover the down payment if the vendor has not repudi-

ated the contract, but is ready, willing and able to perform. (*Laurence* v. *Miller*, 86 N. Y. 131; Williston on Contracts, § 48; *Swedish-American Nat. Bank* v. *Merz*, 179 N. Y. Supp. 600; *Tobias* v. *Lynch*, 192 App. Div. 54; 233 N. Y. 515; *Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829; 221 N. Y. 581; *Faucett* v. *Northern Clay Co.*, 84 Wash. 382; *Kavanaugh* v. *Cohoes Power & Light Corp.*, 114 Misc. Rep. 590; *Smith* v. *United Traction & Electric Co.*, 49 App. Div. 641; 168 N. Y. 597; *Ketchum* v. *Evertson*, 13 Johns. 365; *Beveridge* v. *West Side Construction Co.*, 130 App. Div. 139; *Weintraub* v. *Kruse*, 234 N. Y. 575.)

*Michael I. Winter* for respondent. The answer fails to raise any issue and was properly stricken out pursuant to rule 113 of the Rules of Civil Practice. (*Weinberg* v. *Greenberger*, 47 Misc. Rep. 117; *Knickerbocker* v. *Robinson*, 82 N. Y. Supp. 314; *Collins* v. *Pearsall*, 119 N. Y. Supp. 203; *Schubach* v. *Konshner*, 114 Misc. Rep. 354; *Polucek* v. *Jahoda*, 203 App. Div. 38; *Cooley* v. *Lobdell*, 153 N. Y. 600; *Mandel* v. *Nat. Assn. Building Corp.*, 200 App. Div. 767; *Spielvogel* v. *Veit*, 197 App. Div. 804.) In the case at bar the negotiations never ripened into a contract. (*Ansorge* v. *Kane*, 244 N. Y. 395; *Roberge* v. *Winne*, 144 N. Y. 709; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 N. Y. 575; *Mayer* v. *McCreery*, 119 N. Y. 434.)

O'BRIEN, J. The action is an ordinary one at law for money had and received. The complaint alleges that defendant had and received $1,000, the property of plaintiff, at a certain time and place which sum defendant promised to pay to plaintiff and after demand has failed to do so. No relief is asked except judgment for that sum of money with interest and costs. The answer admits the receipt of the money at the time and place alleged but denies any promise to pay or any demand. It alleges as a counterclaim that the sum was paid to

6

defendant by plaintiff pursuant to an agreement in writing for the sale of land; that defendant was willing to perform in all respects and that plaintiff refused to consummate the purchase and to pay the balance of the purchase price. For relief the answer demands specific performance of the agreement or judgment for the balance of the purchase price as agreed. Plaintiff's reply admits the agreement as alleged in the counterclaim except that it denies that it was in writing, and denies that defendant was willing to perform, that plaintiff was unwilling, and that plaintiff paid the $1,000 on account of the purchase price of the land described. The reply also pleads the Statute of Frauds and alleges that the writing which purports to be the instrument whereby defendant attempted to convey an interest in land does not contain all the terms, conditions and provisions of the agreement and is insufficient, void and unenforcible.

Certain evidence appears by affidavits opposing the motion for summary judgment. During negotiations between the parties for the sale of land, plaintiff's attorney drew a memorandum in writing in order to meet requirements of section 259, Real Property Law (Cons. Laws, ch. 50). The memorandum did not fully meet such requirements, because it did not provide for the term of mortgages. It mentioned mortgages for a definite amount but described them as " expiring on date to be subsequently agreed on." A complete agreement in writing had not, therefore, been reached. If the parties never agreed upon the date of the expiration of the mortgage, the contract could not be specifically performed. (*Ansorge* v. *Kane*, 244 N. Y. 395; *Pollak* v. *Dapper*, 245 N. Y. 628.) Plaintiff does not bring this action for specific performance. He sues only for money had and received. Some evidence appears in the record that the parties made a parol agreement respecting the date of the expiration of the mortgages. An affidavit filed by defendant on the motion for summary judgment states that after the written agreement

had been executed, plaintiff's president asked defendant if he would make the term of the mortgage five years and that defendant replied that he would do so. Other issues of fact are raised by evidence from which a finding might follow that defendant was willing to perform this contract as supplemented by the oral agreement and that plaintiff refused.

The issues of fact present in this case prevent the award of a summary judgment. If the statements contained in defendant's affidavits be accepted by a jury as true, we would find the case to be one where the parties signed a memorandum or binder complete in all respects except one item which was left for future agreement, where such an agreement subsequently was orally reached, where plaintiff from the beginning recognized the validity of the memorandum, paid $1,000 upon the strength of it (*Rothschild* v. *Title G. & T. Co.*, 204 N. Y. 458), where defendant always was willing to perform and where plaintiff later seeks a pretext to repudiate its bargain. It is not defendant who pleads the Statute of Frauds. He is satisfied with the contract. The fact that it was incomplete in the sense that something was left for future negotiation does not concern plaintiff as far as its alleged cause of action is concerned. The agreement was not illegal. There was no objection in law to complete performance by both parties. Money paid in performance in part even of an oral contract for the purchase of land cannot be recovered if the vendor is willing to convey on the performance of the conditions by plaintiff. (*Collier* v. *Coates*, 17 Barb. 471.) A jury might find on the issues created by the pleadings and affidavits in this action that plaintiff had paid its money in part performance of a contract which was never in danger of repudiation by defendant. If a jury should accept defendant's evidence, a necessary conclusion would follow that plaintiff is attempting, by its plea of the Statute of Frauds, to take advantage of its own wrong. No court

will tolerate such a thing. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Thomson* v. *Poor*, 147 N. Y. 402; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.)

Defendant cannot, however, enforce specific performance. The elementary rule that written instruments cannot be varied by parol agreements is not here applicable. No attempt was made to vary anything. The memorandum provides that a future agreement shall be made and defendant says that the fact has been accomplished. In effect he asserts that the parties have not varied, they have conformed. For all that, we think that under our decisions he cannot recover on his counterclaim. The effect of the reasoning in *Ansorge* v. *Kane* (*supra*), followed so recently in *Pollak* v. *Dapper* (*supra*), prevents enforcement by defendant of specific performance. We have decided that if a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds. Duration of the mortgages is certainly a material element in the agreement before us and it was left for future negotiations. The fact that later the negotiations were completed by arriving at an oral agreement cannot affect the original contract. If the parties had merely provided for mortgages at certain amounts and remained silent in respect to rate of interest and date of maturity the law would imply legal rate and maturity on demand. (*Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 N. Y. 575.) They did not remain silent, they expressly reserved the subject for future consideration and, therefore, under the established rule specific performance cannot be decreed.

We have said that statements in the affidavits supported the conclusion that there was a later and oral agreement as to the terms of the mortgage. We are not to be understood, however, as holding that the failure of the defendant to establish such an agreement will require judgment in favor of the plaintiff for the return of the

deposit. When a part payment is made under a binder such as the one in suit, the party making the payment, the vendee, may not recover it thereafter if he has willfully refused to make any genuine effort to reach an agreement as to the details left open for subsequent adjustment. Such refusal will indeed be effective to thwart specific performance at the suit of the vendor. It will not confer a cause of action for money had and received, a cause of action rooted in principles of equity.

The judgment of the Appellate Division and that of the Trial Term should be reversed and plaintiff's motion to strike out answer and for summary judgment denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.