WILLIAM POLLAK, Appellant, v. JOHN DAPPER, Respondent.

*Contract — specific performance — memorandum of sale of land providing " terms to arrange upon the signing of the contract " may not be specifically enforced.*

*Pollak* v. *Dapper*, 219 App. Div. 455, affirmed.

(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered March 21, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint in an action to compel specific performance of an alleged contract for the sale of land. The memorandum relied upon stated " terms to arrange upon the signing of the contract." The Appellate Division held that the writing was not a complete contract that might be specifically enforced.

*Henry W. Unger* and *A. Georges Sidelle* for appellant.

*Joseph Gazzam* and *Patrick J. McGrath* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

BEATRICE FEIGENBAUM, an Infant, by DAVIS FEIGENBAUM, Her Guardian ad Litem, Respondent, v. NARRAGANSETT STABLES Co., INC., Defendant, and JOHN H. NAUGHTON et al., Appellants.

*Corporations — directors — distribution of assets without making provision for payment of creditors — action by creditor to compel directors to account.*

*Feigenbaum* v. *Narragansett Stables Co., Inc.*, 219 App. Div. 729, affirmed.

(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,