GURNEY J. DRAKE, Plaintiff, *v.* MICHAEL SOP and FANNIE SOP, Defendants.

Supreme Court, Chemung County, March 14, 1928.

**Vendor and purchaser — specific performance — agreement to exchange and convey real estate provided for assumption of mortgage " on terms to be agreed upon " — agreement is too indefinite and ambiguous to constitute binding contract — specific performance denied — delivery of deeds and abstracts for examination did not constitute part performance.**

An agreement to exchange and convey real estate which provided for the assumption of a mortgage " on terms to be agreed upon " is too indefinite and ambiguous to constitute a binding contract and specific performance of the contract cannot be decreed.

The fact that the title deeds, abstracts of title and other papers were delivered for examination as provided for in the contract and that the plaintiff stood in readiness to perform is not such part performance as will afford relief in equity.

However, equity might grant relief if the contract had been partially performed by taking possession and making improvements.

ACTION to compel specific performance of agreement to exchange and convey real estate.

*Pulford & Lonergan*, for the plaintiff.

*Harry H. Hayes*, for the defendant.

SENN, J.   On or about June 27, 1927, the parties hereto signed a written memorandum whereby it was agreed that on July 6, 1927, the plaintiff was to sell to the defendants his farm of about 105 acres in the town of Erin, Chemung county, N. Y., with some personal property including two cows, for the sum of $5,500, and receive in exchange and payment a deed of the defendants' house and lot at Elmira Heights, N. Y., at the price of $4,500 and to pay the difference by giving a purchase-price mortgage of $1,000 on the farm or by assuming a mortgage of that amount already on the farm, the language of the memorandum in that regard being: " I will give or assume mortgage on the farm for balance on terms to be agreed upon at six per cent interest."

When the time came to exchange deeds and consummate the agreement the defendants, for reasons which do not appeal to me on the merits, refused to fulfill on their part.   It is, therefore, with some reluctance that I have reached the conclusion that the agreement cannot be specifically enforced.

In *Ansorge* v. *Kane* (244 N. Y. 395) a memorandum of sale of

real estate acknowledged the receipt of $500 as a binder and then provided: " The price is $32,625; payable $12,625 cash; balance of $20,000 to remain on 1st mortgage for five years. The sum to be paid on signing of contract on March 26th, 1925, to be agreed on. The balance of cash payment on passing of title on May 26th, 1925."

This was held not specifically enforcible because a material element of what was to be done was left open for future negotiations.

The court among other things said: " The law implies nothing as to such terms as it does in cases where the rate of interest and date of maturity of a mortgage are not stated (*Roberge* v. *Winne*, 144 N. Y. 709, 713; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 N. Y. 575) or where it appears that an agreement is to take effect and be acted upon before the details reserved for future agreement, such as time of delivery, are settled, when an implication may arise that, in the event of a failure to agree, the terms shall be such as are reasonable or customary." ·

In *Weintraub* v. *Kruse* (*supra*) the contract provided for a mortgage to be given, but failed to specify the rate of interest or the terms of payment. Defendant's contention that the instrument in that regard was too indefinite and ambiguous to constitute a binding contract, was not upheld, and specific performance was decreed.

So in *Wertheimer* v. *Boehm* (*supra*), where the contract provided for a first mortgage of $5,000 at five per cent without stating when it would fall due or the times and amounts of the payments to be made, it was held that the memorandum in that regard was not too incomplete and indefinite to be legal or binding.

The two cases last cited and others of similar import might at first glance seem to be authorities in favor of the plaintiff's contention in this action. But in *Pollak* v. *Dapper* (219 App. Div. 455; affd., 245 N. Y. 628) the memorandum of sale of real estate provided for a purchase-money mortgage to be given on " terms to arrange upon the signing of the contract." This was held insufficient as a written contract under the statute. The court said: " If this memorandum were silent as to the terms of the mortgage, the law would imply that the mortgage would be payable upon demand * * *. But it is not silent. It states ' terms to arrange upon the signing of the contract ' and so shows upon its face that there were unsettled terms upon which the parties intended further to negotiate. * * * Here no inference is necessary [as in *Spielvogel* v. *Veit*, 197 App. Div. 804, 807] since the memorandum expressly states that there were still terms to be arranged."

In *Keystone Hardware Corporation* v. *Tague* (246 N. Y. 79) the

plaintiff sued to recover $1,000 paid to defendant. Defendant admitted the payment, but alleged that it was in part payment under an agreement in writing for the sale of land by defendant to plaintiff which agreement the defendant was ready to perform but which plaintiff refused to consummate. For relief and as a counter-claim the defendant demanded specific performance of the agreement. The memorandum mentioned mortgages to be given for a definite amount, but described them as " expiring on date to be subsequently agreed on." Held, among other things, citing *Pollak* v. *Dapper* (*supra*), that the defendant cannot enforce specific performance. The court again said: " If the parties had merely provided for mortgages at certain amounts and remained silent in respect to rate of interest and date of maturity the law would imply legal rate and maturity on demand. * * * They did not remain silent, they expressly reserved the subject for future consideration and, therefore, under the established rule specific performance cannot be decreed."

So in the instant case, if the memorandum had provided simply for a mortgage of $1,000 at six per cent and had been silent as to the payments or date of maturity, the law would have implied a mortgage due on demand. But the words " on terms to be agreed upon " bring it within the condemnation of the rule as laid down by our Court of Appeals.

Plaintiff insists that there has been a partial performance of the contract in that the title deeds, abstracts of title, etc., were delivered for examination as provided in the memorandum, and that plaintiff got ready to perform on his part. This is not such a part performance as will afford any relief in equity. If the contract had been partly performed by taking possession and making improvements, equity might grant relief (*Ansorge* v. *Kane, supra,* citing *Morris* v. *Ballard,* 16 F. [2d] 175, and *Roberge* v. *Winne,* 144 N. Y. 709), but this was not done.

In view of the foregoing I need not pass on another question raised by the defendants.

It appears from the evidence that in addition to the $1,000 mortgage on the plaintiff's farm, which the defendants were to assume or give a new mortgage of $1,000, there was, when the contract was signed and at the time of the trial, a mortgage of $500 which incumbered plaintiff's farm. Defendants insist that this is an insuperable obstacle to plaintiff's right to recover, since he neither tendered a satisfaction of the $500 mortgage in fulfillment of the contract, nor offered any proof upon the trial that he was in a position to procure such a satisfaction.

If his right to have specific performance decreed was otherwise

Surrogate's Court, Niagara County, January, 1928.        [Vol. 131

perfect, I believe that I would permit the plaintiff, if he desired it, to reopen the case so as to enable him, if he could, to supply the necessary proofs.

For the reasons stated the complaint must be dismissed, with costs.