RUPRIGHT, APPELLANT, *v.* HEYMAN ET AL., APPELLEES.

(Decided October 21, 1940.)

*Messrs. Young & Young,* for appellant.
*Messrs. Carpenter & Freeman,* for appellees.

LLOYD, J.   On September 8, 1939, the plaintiff, Alice J. Rupright, executed a written instrument wherein she offered and agreed to buy a farm of "60 acres more or less" in Florence township, Erie county, owned by Alva B. Heyman, the purchase price being $2,600, of which $100, on a down payment of $900, was paid at the time of its execution, the balance "to be secured by $1,600 mortgage" at 6 per cent per annum, payable in five years.   The $100 was paid, and deposited in escrow with a Mr. Buckley of The Wakeman Banking Company "until the transaction is completed," the proposed contract providing that "only in case this offer is not accepted the earnest money will be returned to purchaser."   At the bottom of the writing, following the signature thereto of the plaintiff, is the following, signed by the defendant Heyman and his wife:

"We the undersigned accept the above offer and

acknowledge the receipt of $100 which is to apply on the purchase price."

Following this printed matter, there was written in by Mr. Heyman "Owner will accept offer if bank or purchaser will finance balance."

On January 2, 1940, plaintiff commenced an action in the Court of Common Pleas against Alva B. Heyman, Gertrude Heyman and The Wakeman Banking Company as defendants, alleging in her petition that certain oral representations made to her by the real estate broker representing the owner, induced the written offer made by her and that when she discovered them to be untrue she "rescinded said agreement and demanded the return of her deposit of $100 but that the defendants refused and still refuse to pay the same to her or to direct the defendant, The Wakeman Banking Company, so to do" and "that by reason of said refusal which was intentionally and maliciously made, she has been put to great expense and trouble, all to her damage in the sum of $1,000," for which she prays judgment against Mr. and Mrs. Heyman.

In an amendment to her petition she states that the writing signed by her was "only an offer" which "was never accepted and no agreement ever entered into and therefore she is entitled to the return of the cash in the sum of $100 paid with her offer."

The claim thus made is that the words "Owner will accept offer if bank or purchaser will finance balance" was a counter offer which was never accepted by the plaintiff.

The evidence shows that Mrs. Rupright signed the written instrument a week after she looked over the farm in company with the broker, and that after its execution by herself and the Heymans she went to the bank and arranged for financing the transaction in accordance with the condition added by the Heymans to the acceptance of the offer. It required about two weeks for extension of the abstract and its examination

and approval by the attorney for the bank. This being done, Mrs. Rupright and her husband, upon notice thereof, again went to the bank and talked with Mr. Buckley. Mr. Rupright did not want to complete the transaction "and wanted the money back." Mr. Rupright declined to sign either the note or the mortgage and said to Mr. Buckley: "I won't sign none of them." The Heymans refused to consent to the return of the $100. Hence this lawsuit.

At the trial the jury found against the plaintiff on her alleged cause of action, and against her and in favor of the Heymans on their cross-petition for the $100 held by Buckley in escrow. From the judgment entered on the verdict, the plaintiff Rupright appeals to this court on questions of law.

The only complaint demanding attention is the claim that no contract for the purchase and sale of the real estate was consummated because of the alleged conditional acceptance by the Heymans of the written offer of the plaintiff. Except as to that part thereof, there was an unqualified acceptance of its terms. Otherwise, the contract as outlined in the Rupright offer was complete and was accepted in writing by Heyman, who, under the statute of frauds, was the party to be charged therewith.

The instant case is not one where an essential requisite, violative of the Statute of Frauds, is omitted from the contract; or one, where the party to be charged has, after the execution of the contract materially changed it by addition or erasure, and an alleged oral consent thereto is denied by the accepting party in an action for specific performance. As heretofore stated, the writing here in question complies in form and substance with the statute of frauds, and Mrs. Rupright having consented to the attached condition as to the method of payment of the stipulated price is not entitled to the judgment she seeks. Had she not consented thereto, she would have been entitled to demand and

to have the $100 deposited by her with Mr. Buckley of the bank; or, had the bank refused to make the loan and she been unable to finance the additional $1,600 for which, in her offer to purchase, she had agreed to give a mortgage, the situation might be different. She chose to consent thereto by negotiating with the bank and directing it to do the incidental things necessary to determine whether it would be justified in making the loan she sought. Not until this was done, requiring two weeks more for that purpose, and after the bank had approved the loan and had prepared the necessary papers, note and mortgage, for execution, did she conclude that the contract was of no legal effect and that she was not bound thereby, and even then, according to the evidence, she was desirous of consummating the arrangement with the bank, but, her husband peremptorily refusing to sign the required note and mortgage, she could not proceed therewith.

This is not an action for specific performance of a contract—a contract complete, as heretofore stated, in all respects except as to the manner of payment of the agreed purchase price, an added condition to which she agreed by her conduct and by her acquiescence therein. This condition in no way affected the contract itself, as it contained all of the essentials required by the Statute of Frauds.

The Heyman condition as to the payment did no more than postpone for further consideration an incidental item thereof.

"It is not defendant who pleads the Statute of Frauds. He is satisfied with the contract. The fact that it was incomplete in the sense that something was left for future negotiation does not concern plaintiff as far as its alleged cause of action is concerned. The agreement was not illegal. There was no objection in law to complete performance by both parties. Money paid in performance in part even of an oral contract for the purchase of land cannot be recovered if the

vendor is willing to convey on the performance of the conditions by plaintiff. * * * A jury might find on the issues created by the pleadings and affidavits in this action that plaintiff had paid its money in part performance of a contract which was never in danger of repudiation by defendant. If a jury should accept defendant's evidence, a necessary conclusion would follow that plaintiff is attempting by its plea of the Statute of Frauds to take advantage of its own wrong. No court will tolerate such a thing.'' *Keystone Hardware Co.* v. *Tague,* 246 N. Y., 79, 83, 158 N. E., 27, 53 A. L. R., 610.

The judgment is affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.