■ WILLIAM WICKHAM, Appellant, v. THOMAS LA COLLA, Respondent.— In an action by an attorney against a former client to recover damages alleged to have been sustained because of the client's false representation by which the attorney was induced to pay over money held in escrow, the appeal is from an order denying a motion to renew, on additional papers, a motion for a preference. The Special Term denied the motion on the ground that the action was not one entitled to a preference by statute or rule. Order affirmed, with $10 costs and disbursments. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ WALTER K. WILLMOTT et al., Respondents, v. ROSA GIARRAPUTO, Appellant.— In an action by the purchasers to compel the specific performance of a written exclusive option to purchase real property, dated October 25, 1954, the complaint alleges that a written contract dated June 1, 1955, properly executed, was sent on June 14, 1955 by the purchasers' attorneys to the seller's attorneys in accordance with the provisions of said contract and the said option. The seller appeals from so much of a judgment entered after trial as directs specific performance of the contract dated June 1, 1955, except for insertions made therein by the purchasers' attorneys. Judgment modified on the law by striking therefrom the first, second, third and fifth decretal paragraphs and by substituting therefor a provision that the complaint be dismissed on the merits, with costs. As so modified judgment insofar as appealed from unanimously affirmed, with costs to appellant. The findings of fact are affirmed.

The written option was unenforcible because agreement upon terms of the purchase-money mortgage was left to the future (*Ansorge* v. *Kane*, 244 N. Y. 395, 398; *Pollak* v. *Dapper*, 219 App. Div. 455, affd. 245 N. Y. 628; *Keystone Hardware Corp.* v. *Tague*, 246 N. Y. 79, 82, 84). Respondents seek specific performance of the contract as modified by them. They alleged in their complaint that this contract had been executed by them "in accordance with the provisions of * * * the said option." The modified contract was not enforcible. The unauthorized modifications have been excised by the judgment appealed from, entered March 20, 1957. But it was then too late for respondents to have recourse to the contract proposed by appellant on June 1, 1955. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.