Michael Catalano, J.
The defendants move to dismiss the complaint under rule 107 of the Rules of Civil Practice on the grounds (1) that the court has not jurisdiction of the subject of the action (2) “ that the complaint does not state any cause or causes of action ” and (3) the contract, on which the causes of action are founded, is unenforcible under the provisions of the Statute of Frauds.
The complaint sets forth three causes of action. The first cause alleges, in effect, that all parties reside in New York State; on January 28, 1958, and at all times mentioned, the defendants Argendorf owned certain real property in the town of Evans, County of Erie, New York; on January 25, 1958, the plaintiff entered into an oral contract with defendants Argendorf for the purchase of certain standing timber on said premises, “up to 60,000 board feet for the sum of Twenty Five Dollars ($25.00) per thousand on timber of 14 inches or over on the stump and for which the plaintiff made a down payment of One Hundred Dollars ($100.00), the balance to be paid according to the scale slips of lumber cut and removed with all timber to be removed within four months of the date of the contract; and further, for all amounts of timber in excess of 60,000 board feet to pay to the defendants the amount of Twelve Dollars and Fifty Cents ($12.50) per thousand;” cutting could commence immediately and the plaintiff entered into an oral agreement with defendants Goetzman and Janas for the sale of said timber “ on similar terms and conditions as with defendants Bernard Argendorf and Mary Argendorf ” at the price of $37 “per thousand; ” defendants Goetzman and Janas, on January 26, 1958, commenced cutting said timber; on February 7, 1958, defendants Argendorf ordered the plaintiff to cease cutting; the plaintiff partially performed said oral agreement and is *600 ready, willing and able to perform it; defendants Argendorf refuse to perform; and “plaintiff has no adequate remedy at law.” The prayer for relief is for specific performance and injunction.
The second cause of action realleges the first cause, then, states, in effect, that on February 8,1958, defendants Argendorf agreed with the other defendants for the latter to remove said timber, “ on terms and conditions unknown to the plaintiff”; the defendants conspired in an agreement to deprive the plaintiff of “ his just profit under his oral contract with the defendants herein to which he was entitled by reason of said oral contracts;” said profits amount to $1,500, which plaintiff “has duly demanded from the defendants,” no part which has been paid. Wherefore, plaintiff demands judgment against defendants for $1,500.
The third cause of action realleges the first cause and the second cause, then states, in effect, that defendants Argendorf on February 7, 1958, terminated their oral contract with plaintiff, to plaintiff’s damage in the amount of $1,500, which plaintiff duly demanded, but no part has been paid; “ that the plaintiff has performed all conditions upon his part to be performed.” Wherefore, plaintiff demands judgment against defendants Argendorf for $1,500.
The moving affidavit states that in the middle of January, 1958, the plaintiff and defendants Argendorf negotiated for a written contract to be drawn by plaintiff’s attorney, executed by the plaintiff, then, within five days, to be delivered to said defendants for execution; that 11 days later, said defendants received a written contract from the plaintiff containing “ vital ” differences, including failure to state payment in full upon execution of contract.
Under date of February 1, 1958, the plaintiff wrote a letter to the defendant, Bernard Argendorf, in part, as follows: “I had my attorney draw up the contracts, and I am going to get them now. They have been ready since the 28th day of January, He put a 12-inch limit on ASH. lohich I forgot to mention to you both. We agreed on 14 inches but have since found out that all the ASH over 16 inches cannot be used because it is rotten in the center. They plan on starting to cut today, I have told them not to cut anything under 14 inches until I here [so in original] from you. If there are any changes on the contracts please have them made and 1 will reimburse you in the return mail.” (Emphasis supplied.)
*601 The written contract, dated January 28, 1958, drawn by the plaintiff’s attorney, and signed only by the plaintiff, names the defendants Argendorf as ‘ ‘ vendor ’ ’ and the plaintiff as ‘ ‘ purchaser ’ ’, providing, in part, as follows:
“ The vendor agrees to sell and the purchaser agrees to purchase for the sum of Fifteen Hundred Dollars ($1,500.00) of which a deposit of One Hundred Dollars ($100.00) has been paid and receipt whereof is hereby acknowledged by the vendor at Twenty-Five Dollars ($25.00) per thousand up to Sixty Thousand (60,000) board feet, and further timber over Sixty Thousand (60,000) board feet for the sum of Twelve and 50/100 Dollars ($12.50) of assorted timber fourteen (14) inches or above at stump except ash (12) inches or above at stump now standing or growing on a certain parcel of land situate in the Town of Evans, County of Erie and State of New York belonging to said vendor.”
Rule 107 of the Rules of Civil Practice entitled, ‘ ‘ Motion for judgment on the complaint and affidavit ’ ’ provides, in part:
“ After the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, on the complaint and an affidavit stating facts tending to show:
“ 1. That the court has not jurisdiction of the subject of the action. * * *
‘' 7. That the contract on which the cause of action is founded is unenforceable under the provisions of the statute of frauds. ’ ’
Rule 107 does not specifically cover the ground of insufficiency of the complaint.
The defendants argue that this court has no jurisdiction since “ The complaint is founded in equity and it should be in law ”.
Section 1 of article VI of the Constitution of the State of New York provides, in part: “ The supreme court is continued with general jurisdiction in law and equity ”. (See, also, Civ. Prac. Act, § 64; “ General jurisdiction of supreme court ’ ’; People ex rel. Mayor of City of N. Y. v. Nichols, 79 N. Y. 582, 589-590; Sudbury v. Arnbi Verwaltung Kommanditgesselschaft, 213 App. Div. 98.)
Surely, as here, where the parties reside in this county and the subject matter of the action consists of the sale of standing timber located in this county, the court has jurisdiction. It should be noted, in any event, that although the first cause of action in form sounds in equity, seeking, as it does, specific performance and injunction, nevertheless, the second and third causes are based in law demanding money damages of $1,500 each.
*602 It has been said: “ An attack upon a complaint under Rule 107 is one made on affidavits which goes to the very heart of the action, and if substantiated, is sufficient to destroy the action itself.” (Eisenberg v. Grossman, 84 N. Y. S. 2d 118, 121; see Grossman v. Brooklyn Hosp. Equip. Co., 275 App. Div. 946, concerning the “ amended ” complaint.)
Section 259 of the Real Property Law, provides: ‘ ‘ When contract to lease or sell void. A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing. ’ ’
Standing timber constitutes an interest in real property; therefore, this case falls within the above-quoted Statute of Frauds. (Bayles v. Strong, 104 App. Div. 153, 156, affd. 185 N. Y. 582.)
When the parties intend that an oral agreement shall be finally reduced to writing as the evidence of the terms of the contract, neither is bound until the writing is executed by both. (Schwarts v. Greenberg, 304 N. Y. 250, 254; Sanders v. Pottlitser Bros. Fruit Co., 144 N. Y. 209, 213.) Subsequent conduct of the parties may be considered to determine what they intended. (Boysen v. Van Dorn Iron Works Co., 94 App. Div. 95, 96 [4th Dept.].) A proposed agreement with material changes not accepted by the other parties is not binding. (Guarantee Constr. Co. v. Rickert-Finlay Realty Co., 88 Misc. 73.)
Here, the plaintiff’s letter of February 1, 1958 and the proposed contract dated January 28, 1958 show conclusively that no contract was intended until the defendants Argendorf approved and signed the writing, which they refused to do. The attempt of the plaintiff to revert unilaterally to the prior oral negotiations to spell out an agreement was abortive and void.
The plaintiff makes much of part payment and part performance in order to circumvent the Statute of Frauds. Such is not available to a plaintiff who has failed to prove a legally binding contract in the first instance. Even if available in theory, the plaintiff has failed in that respect, also. (See Walter v. Hoffman, 267 N. Y. 365, 368; Burns v. McCormick, 233 N. Y. 230, 232, 235; Braun v. Ochs, 77 App. Div. 20, 25-26 [4th Dept.].)
No attempt is made by the court to explore possible relief to the plaintiff not founded upon the alleged contract with defendants Argendorf. Since each cause of action in this complaint is based upon an illusory agreement, the entire complaint should be dismissed.
*603 The motion is granted, the complaint is dismissed, with leave to serve an amended complaint, if so advised, within 20 days after the proper service of a copy of the order to be entered herein, without costs.
Prepare and submit order accordingly.