Bernard S. Meyer, J.
This motion to dismiss for legal insufficiency a complaint seeking specific performance of an agreement to lease is granted. The agreement provides that the property is to be leased to plaintiff, or his assigns, for a minimum period of 54 years at an annual land rental of $6,300 and that “ There shall be provision made for increase or decrease predicated on major changes in the cost of living index as of the date of execution of the formal lease.” It further obligates the lessor to subordinate the said property to a first mortgage lien to be obtained by the lessee in an amount not exceeding specified percentages of the cost of the building depending on the *565 maturity date of the mortgage and sets forth elaborate provisions for refinancing and ultimate termination of all real estate mortgages not later than 14 years preceding termination of the lease. It requires that any mortgage to which the lease is to be subordinated be obtained “ from a banking or Savings & Loan Association or insurance institution licensed to do business in the State of New York.” It requires that all ‘ ‘ mortgages after the first refinancing must be fully self-liquidating ’ ’, but makes no provision at all concerning interest rate of any mortgage. It obligates the lessor to obtain rezoning for bowling alley use; the lessee to supply a plot plan and rendering for use in making the application for rezoning. It also provides that the terms of the agreement will be incorporated in a more formal contract. The complaint alleges that the plaintiff paid the contract deposit, the plaintiff and defendant co-operated in prosecution of the zoning change application which was granted, and that plaintiff has expended large sums for preparation of plans and obtaining a building permit and mortgage commitment and in clearing and grading the property, but that defendant refuses to make the formal lease.
Reluctantly, in view of the obvious equities in plaintiff’s favor, the court concludes that there is no contract to be enforced. “ Few principles are better settled in the law of contract than the proposition that, ‘ If a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds or otherwise. ’ (Ansorge v. Kane, 244 N. Y. 395, 398; see, also, Keystone Hardware Corp. v. Tague, 246 N. Y. 79, 82, 84; Pollak v. Dapper, 245 N. Y. 628, affg. 219 App. Div. 455.) ” (Willmott v. Giarraputo, 5 N Y 2d 250, 253.) The “ material element ” omitted in Willmott was the interest and amortization to be provided in the purchase-money mortgage. While no New York case has been found dealing with interest in a subordination clause, as distinct from interest in a purchase-money mortgage, as the missing element, the interest rate of a mortgage to which a lease is to be subordinated would have material bearing on the lessee’s ability to carry on his business, and must be considered a “material element” (Gould v. Callan, 127 Cal. App. 2d 1). True, in the purchase-money mortgage cases, the courts will imply that interest is at the legal rate and that the mortgage is to be payable on demand (Keystone Hardware Corp. v. Tague, supra; Spielvogel v. Veit, 197 App. Div. 804; see Ann. 60 A. L. R. 2d 251, 274) or that the mortgage is to have the same interest rate and maturity date as an existing one (Roberge v. Winne, 144 N. Y. 709, 714), unless the parties by expressly leaving *566 such missing elements to negotiation negate such implication or inference (Keystone Hardware Corp. v. Tagne, supra; Pollak v. Dapper, supra; Monaco v. Levy, 12 A D 2d 790; Spielvogel v. Veit, supra). On the facts of the present case there can be no such implication or inference, however, for the mortgage is to be obtained by plaintiff or his assigns from a banking or insurance institution, a totally different situation, of course, from that of a seller taking back a purchase-money mortgage. Were plaintiff’s assignee a corporation, as is the normal practice in real estate transactions, there would be no legal limit On the rate of interest (General Business Law, § 374). Having both omitted the interest rate from the subordination clause and included a right of assignment by plaintiff, the parties have created an hiatus making a specific performance decree impossible.
A further impediment to specific performance exists in the rent adjustment provision quoted above. A change in rent “ predicated on ” a change in cost of living index is not necessarily exactly proportionate to the index change. Moreover, the clause contains no indication of the time interval at which adjustments are to be made, nor is there any definition of what “ major changes ” means. It could, perhaps, be inferred from the provision for animal rental that adjustment was to be made annually, though the fact that the change was keyed to the cost of living index and that that index is reported monthly offers basis for a contrary inference. There is, however, no guide at all to What the word “ major ” means. The cost of living index portrays current prices in terms of points as compared with a base year and is reported in terms of tenths of a point. Major is a word of comparison, of relativity, and as here used refers to the cost of living index, not to the change in rent that an index change may produce. Even if the court accept plaintiff’s argument that the intention was to exclude changes that would produce only trivial changes in rent, are ‘1 trivial ’ ’ changes to be measured in terms of cents, dollars or tens of dollars, against a rental of $525 per month?
Plaintiff also contends that notwithstanding that the contract is incomplete equity will, in view of the part performance alleged, require defendant specifically to perform in order to prevent the injustice that would otherwise result. That conclusion is, however, negated by the principle quoted in Willmott (5 N Y 2d 250, supra) and by the rule that equity cannot require performance of any contract other than one the parties themselves made (Creston Apts. Corp. v. Gertler Elec. Contr. Co., 229 App. Div. 450; Brody v. W. & L. Enterprises, 4 Misc 2d *567 907, affd. 281 App. Div. 867; and, see, Gambee v. Argendorf, 10 Misc 2d 598). While there is language in Ansorge v. Kane (244 N. Y. 395, 400, supra) and Drake v. Sop (131 Misc. 573, 575) suggesting that equity may grant relief with respect to an incomplete but partly performed contract, it is obiter in both cases, and the authorities cited in Ansorge for the statement are both distinguishable. The complaint is, accordingly, dismissed.