■ WILLIAM STRUMLAUF, Respondent, v SANDINE ORIGINALS, INC., et al., Appellants.—In an action to recover damages for breach of contract, defendants appeal from (1) a judgment of the Supreme Court, Westchester County, entered April 20, 1978, which, upon an agreed statement of facts, awarded plaintiff the principal sum of $40,839.50 and (2) an order of the same court, dated May 11, 1978, which denied their motion to vacate the prior judgment. Judgment reversed and action remanded for a trial. Appeal from order dismissed as academic. Defendants are awarded one bill of $50 costs and disbursements. Plaintiff and the individual defendants Alan Feldman and Robert Bottari each owned one third of the shares of the defendant corporation, Sandine Originals, Inc. (Sandine). By an agreement of the parties executed on September 22, 1972, Sandine agreed to purchase plaintiff's shares. Paragraphs 2 and 10 of the agreement provided, in relevant part: "2. [Plaintiff] hereby agrees to sell and Corporation hereby agrees to purchase the aforesaid 44.776 shares of stock upon the following terms: A. One-third (⅓) of the net worth after taxes of the Corporation as of August 31, 1972 as evidenced by the balance sheet of the Corporation * * * 10. [Plaintiff] shall remain liable, after Closing, and shall be obligated to pay the Corporation and Alan [Feldman] and Bob [Bottari] upon payment thereof by the Corporation or Alan and Bob, his pro-rata share of any assessment, after the date of Closing, of Federal, State and Municipal taxes, applicable to the period during which [plaintiff] was a stockholder. The

Corporation and Alan and Bob shall promptly notify [plaintiff] of any such future assessments, and [he] shall have the right, at his expense, to appoint attorneys or accountants to resist or join in the resistance to such assessment or assessments. Similarly, in the event of any rebate of taxes, Federal, State or Municipal, applicable to the period during which [plaintiff] was a stockholder, then [defendants] shall promptly pay [him] one-third (⅓) thereof." Subsequent to the execution of the agreement the defendant corporation suffered losses. By virtue of "carry-backs" of these losses to prior years (see US Code, tit 26, Internal Revenue Code, § 172) the corporation received tax refunds totaling $137,139.55. Plaintiff contends that under the agreement he is entitled to one third of the tax refunds. Although the language of paragraph 10, upon which Special Term placed its primary reliance, would support plaintiff's contention that he is entitled to "any rebate" for the years of his stock ownership, paragraph 2 gives the contract a contrary thrust. Under that paragraph the agreement can logically be construed to mean that plaintiff was entitled to one third of the net worth of the corporation as of August 31, 1972 plus or less one third of any tax refund or additional tax liability, respectively, for corporate operations up to that date. Where a written instrument is ambiguous, parol evidence may be resorted to in order to ascertain the intentions of the parties (O'Neil Supply Co. v Petroleum Heat & Power Co., 280 NY 50). Accordingly, we are remanding the action so that the parties can present parol evidence as to whether the agreement contemplated plaintiff sharing in tax rebates resulting from "carry-backs." Lazer, Cohalan and Martuscello, JJ., concurs.

Suozzi, J. P., concurs in the dismissal of the appeal from the order and in the reversal of the judgment but otherwise dissents and votes to dismiss the complaint, with the following memorandum: While I agree that the judgment should be reversed, I disagree that a trial to ascertain the meaning of the contract is necessary. It is clear under the agreement that plaintiff is not entitled to share in tax refunds resulting from "carry-backs." Under the agreement plaintiff is entitled to recover tax rebates applicable to the period that he was a shareholder. Plaintiff is seeking to share in a tax rebate which resulted from corporate losses sustained *after* he severed his relationship with the corporation. The rebate is, therefore, not truly applicable to the period during which plaintiff was a shareholder.