■ Mary Walsh, Plaintiff, v Mae D. Kelly, Defendant. Mary E. Walsh, Respondent, v John R. Voisey et al., Appellants.—In an action for specific performance of a contract for the sale of realty, the appeal is from an order of the Supreme Court, Queens County, entered September 13, 1977, which, *inter alia,* granted the plaintiff's motion for summary judgment. Order affirmed, with $50 costs and disbursements. No opinion. Titone, J. P., O'Connor and Margett, JJ., concur.

Martuscello, J., dissents and votes to reverse the order granting plaintiff's motion for summary judgment, and to deny the motion, with the following memorandum: Mae Kelly, 85 years of age, was the mother of four children. Desiring to distribute part of her assets to her children she determined to sell her two-family house to her daughter Mary Walsh at three fourths its value and to distribute the resulting funds to her three other children. In order to effectuate this plan mother and daughter entered into a contract of sale on July 6, 1976. The contract provided for a purchase price of $41,000 and stated that "it is understood and agreed, that this contract is and shall be conditional upon the Purchasers obtaining a (FHA) mortgage loan covering the premises, in the sum of $38,000.00 for a period of 25/30 years, at the prevailing rate of interest." Mary Walsh applied for a Federal Housing Authority (FHA) mortgage loan. Subsequently, in a letter dated January 19, 1977, from Bayside Federal Savings and Loan Association to Mae Kelly, the following was stated: "A firm commitment has been issued for an F.H.A. mortgage which will be insured by the Federal Housing Administration * * * This commitment is issued subject to the receipt of an amount equal to $1,520.00, which sum is to be paid by the seller or his agent upon the acceptance of the commitment." Kelly refused to pay the sum of $1,520, which is also known as "points". She asserted that if she were to pay said sum she would be receiving only $39,480 for her house rather than the $41,000 the parties had agreed to. Walsh countered that FHA prohibits the purchaser from paying the "points" and she commenced this action against her mother for specific performance of the parties' agreement. Special Term granted plaintiff's motion for summary judgment and ordered Kelly to pay the "points". In its memorandum decision Special Term stated: "The contract between the parties provides that the sale 'shall

be conditional upon the purchasers obtaining a (FHA) mortgage loan covering the premises * * *'. Since the contract does not specify to the contrary, it must be interpreted to provide for the payment of 'points' according to the policy of the bank issuing the F.H.A. mortgage, subject to the applicable statutory provisions." In my view Special Term erred in directing Kelly to pay the "points". A trial should have been held to determine whether the contract of July 6, 1976 contemplated that she would pay the "points". An examination of the contract of sale indicates that there is no mention of "points" and certainly no provision requiring Kelly to pay them. The contract merely makes the sale conditional on plaintiff obtaining an FHA mortgage. Nor is the issue determined by the fact that FHA prohibits the purchaser of real property from paying the "points". The existence of such a regulation does not by itself bind a seller to pay "points" unless the agreement of the parties contemplated that the seller would undertake such an obligation. Accordingly, since the agreement does not specify who is to pay the "points", it is ambiguous and a trial should be held where parol evidence may be presented to ascertain the intention of the parties (see *O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50; *Strumlauf v Sandine Originals,* 70 AD2d 911). Unless it is established that the agreement contemplated that Kelly would pay "points", specific performance should not be granted. "Equity cannot require performance of any contract other than one the parties themselves made" *(Kusky v Berger,* 33 Misc 2d 564, 566). Accordingly, the order should be reversed and the matter remanded for trial.