### GRADY v. FAZZOLARI.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. CONTRACTS (§ 176*)—BUILDING CONTRACTS—PRICES—QUESTION FOR JURY.

   Where a written building contract fixed two prices, one by recital of the contract price and the other by the aggregate of the payments agreed to be made, which of these was the agreed price was for the jury.

   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 176.*]

2. CONTRACTS (§ 287*)—BUILDING CONTRACTS—ARCHITECT'S CERTIFICATES.

   Where the parties to a building contract used a blank form, and the provision for an architect's certificate was not completed, the owner's husband having charge of the construction, the contractor was not required to obtain an architect's certificate to entitle him to the unpaid portion of the price.

   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 287.*]

Appeal from Trial Term, Kings County.

Action by Michael J. Grady, as assignee for the benefit of creditors of William F. Grady, against Kiri Fazzolari, also known as Kate Fazzolari. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and MILLER, JJ.

Paul Cooksey, for appellant.
Michael J. Grady, pro se.

WOODWARD, J. The plaintiff's assignor entered into a written contract with the defendant for the construction of a three-story brick building in Brooklyn. The contract was substantially completed, as appears from the evidence, and this action is brought to recover the sum of $2,250, the balance alleged to be due under such contract. The contract was dated May 15, 1906, and recites that the consideration is to be $4,600; but the contract further provides for three payments to be made at various stages of the work, and these three payments aggregate the sum of $5,600, and the principal question submitted to the jury was which of these figures was controlling.

The young woman who wrote out the contract testified that the recital of $4,600 was an error on her part; that she knew at the time that the contract price was $5,600; and she is corroborated in this by the aggregate amounts of the several payments, and by the fact that written propositions made by the plaintiff's assignor to the defendant,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prior to the granting of the contract, show in one case a proposition to construct for $5,700, and a second one for $5,600. There can be no doubt that the evidence was sufficient to support the verdict of the jury upon this point; but the defendant urges that this was not properly a question to be disposed of by a jury—that the action was one of an equitable character for the reformation of a contract, and depended upon facts of an equitable character. We are persuaded, however, that there is no merit in this contention. The contract was there in writing. It had two contract prices fixed, one by the recital of the contract price and the other by the aggregate of the payments agreed to be made; and this presented a fair question for the jury, which one of these figures was actually agreed upon.

It was likewise claimed on the part of the defendant that the plaintiff's assignor had agreed to deduct the sum of $450 from the last payment on account of defects in the work as completed; but there was a conflict of evidence upon this point, and the jury has held with the plaintiff.

The suggestion of the defendant that there was a defect in the pleadings and in the proof, in that it was not shown that the plaintiff, or his assignor, had procured the certificate of the architect which entitled him to payment of the claim, is hardly tenable here, for the simple fact that the contract makes no provision for such a certificate. The parties evidently used a blank for the contract, and, while there is a part of the usual provision for an architect's certificate, that is not completed, and the evidence indicates that no architect was employed, but that defendant's husband had charge of the construction. No suggestion is made that this contract is not, in this respect, just as the parties designed it should be, and to apply the defendant's theory to the present case would be a manifest injustice.

The judgment and order appealed from should be affirmed, with costs. All concur.