N. E. D. Holding Co., Inc., Appellant, v. Eugene F. McKinley et al., Defendants, and Edwin B. Day et al., Respondents.

Vendor and purchaser — contract — Frauds (Statute of) — memorandum of contract of sale written upon stereotyped form — omission to fill in blank for amount of purchase-money mortgage and to state date for delivery of deed — error to hold as matter of law either that anything of substance was left to be agreed on or that memorandum states whole agreement — parol evidence admissible on trial to show that terms are incomplete — motion for judgment on pleadings properly denied.

It cannot properly be said as an inference of law from the mere inspection of a memorandum of a contract of sale of real property, written upon a stereotyped form which leaves a blank for the amount of a purchase-money mortgage and fails to fix a date for delivery of the deed, that anything of substance was left open to be agreed upon thereafter. Since the blank was not filled, it may be rejected as surplusage if the parties so intended and, if agreement to fix a date for closing failed at the time of signing of the formal contract, delivery of the deed would be due within a reasonable time to be fixed with due regard to the situation of the title as it was known to the parties. Nor can it be said as matter of law that the note or memorandum states the whole agreement of the parties. Since it is not the contract, parol evidence will be admissible on the trial in support of a claim that its terms are incomplete, and a showing that other terms of payment had been arranged or were reserved for arrangement in the future will condemn the writing as defective and inadequate. A motion for judgment on the pleadings was, therefore, properly denied.

*N. E. D. Holding Co.* v. *McKinley*, 219 App. Div. 738, reversed.

(Argued June 21, 1927; decided July 20, 1927.)

Appeal from a judgment, entered February 25, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion by defend-

ants, appellants, for judgment on the pleadings and granted said motion.

*George G. Ernst, Edward S. Greenbaum, Henry Gale* and *Jonas J. Shapiro* for appellant. The paper writing contains all the necessary terms of a complete contract and fully complies with the Statute of Frauds. (*Carr* v. *Lynch*, 1 Ch. 613; *Grossman* v. *Schenker*, 206 N. Y. 466; *Newburger* v. *Am. Surety Co.*, 242 N. Y. 134; *Mead* v. *Parker*, 115 Mass. 413; *Hodges* v. *Kowing*, 58 Conn. 12; *Seymour* v. *Warren*, 179 N. Y. 1; *Berman Stores Co.* v. *Hirsh*, 240 N. Y. 209; *Tobias* v. *Lynch*, 192 App. Div. 54; 233 N. Y. 515; 1 Williston Contracts, 1102, and n. 75; *Tipton* v. *Feitner*, 20 N. Y. 423; *Diamond* v. *Talbot*, 123 Misc. Rep. 339; *Altman* v. *Tillson*, 10 N. Y. St. Repr. 235.) The parties did not " contemplate further negotiations." (*Disken* v. *Herter*, 73 App. Div. 453; 175 N. Y. 480; *Sanders* v. *P. B. F. Co.*, 144 N. Y. 209; *Sherry* v. *Proal*, 206 N. Y. 726; *N. Y. P. Exchange S. D. & S. Co.* v. *N. Y. P. Exchange*, 208 App. Div. 421; 238 N. Y. 582; *Sullivan* v. *Happy Hour Amusement Co.*, 177 App. Div. 232; *Ferguson Contracting Co.* v. *Helderberg Cement Co.*, 135 App. Div. 494; *Pierce* v. *Cornell*, 117 App. Div. 66; *Eisenberg* v. *Spachmann*, 117 Misc. Rep. 109; *Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Roberts* v. *Hoberg*, 212 App. Div. 595; *Corn* v. *Bergmann*, 138 App. Div. 260.) Assuming, *arguendo*, that the parties orally mentioned terms which are not expressed in the writing, it is error to hold as matter of law that the writing does not express the complete contract. (*Berman Stores Co.* v. *Hirsh*, 240 N. Y. 209.)

*David Tepp* for respondents. The instrument upon which appellant bases its claim is insufficient under the Statute of Frauds, either as a contract in writing or as a note or memorandum of an oral contract. (*Polucek* v. *Jahoda*, 203 App. Div. 38; *Mandel* v. *Guardian Holding*

*Co.,* 200 App. Div. 767; 234 N. Y. 564; *Spielvogel* v. *Veit,* 197 App. Div. 804; *Schubach* v. *Konshner,* 114 Misc. Rep. 354; *Milliman* v. *Huntington,* 68 Hun, 258; *Foot* v. *Webb,* ·59 Barb. 38; *Wright* v. *Weeks,* 2 N. Y. 153.) The contract sought to be enforced is merely a record of the agreement in so far as reached; it left important and substantial matters to be settled in the further " binder " which was to be signed November twenty-third or in the " contract " which was to be signed on or before December seventeenth; it is, therefore, merely an agreement to make a contract and, being incomplete in itself, is incapable of enforcement. (*Ansorge* v. *Kane,* 244 N. Y. 395; *Spielvogel* v. *Veit,* 197 App. Div. 804; *Mandel* v. *Guardian Holding Co.,* 200 App. Div. 767; 234 N. Y. 564.)

CARDOZO, Ch. J. By contract, dated April 4, 1925, the Young Men's Christian Association of White Plains agreed to sell certain real estate to the defendant Eugene F. McKinley for $145,800, of which $20,000 was to be paid in cash on the signing of the contract, and the residue $125,800 in cash two years later, April 4, 1927, on the delivery of the deed. During the intervening period the seller was to retain possession, paying interest to the buyer on the amount of the deposit.

On November 21, 1925, McKinley, who held the contract not only for himself, but also for certain co-adventurers, the defendants Day and others, signed a note or memorandum of resale to the plaintiff. The memorandum reads as follows:

" Received of N. E. D. Holding Co. of White Plains the sum of ($100.00) one hundred dollars as binder on the following transaction:

" Sale by me Eugene F. McKinley of White Plains of a plot owned by me and briefly described as follows:

" The Y. M. C. A. corner on Mamaroneck Ave. to Martine Ave., being about 55 x 225.

" Terms as follows:  Price $165,000.00

Paid in cash herewith $100.00

To be paid in cash on Monday, Nov. 23, 1925, as binder $2500.00

To be paid in cash at time of signing contract $22,400.00

To be paid in cash on delivery of deed, By purchaser executing a mortgage to seller in the amount of $ to run for a term of      years at 6%.

Binder to be signed Monday, 10 a. m. Nov. 23.

Contract to be signed on or before Dec. 17, 1925, at the office of E. F. McKinley, White Plains, N. Y. at 11 a. m.

Deed to be delivered on or before at the office of

" Signed EUGENE F. McKINLEY

" In presence of William Barrett.

Purchaser to pay for drawing bond and mortgage, mortgage tax, revenue stamps on bond, and recording fee. The broker is          who is entitled to regular commissions."

At the foot of this document there was signed two days later the supplemental memorandum following:

" The within closing is hereby adjourned to Nov. 28, 1925, or before by mutual consent.

" Nov. 23, 1925.          E. F. McKINLEY."

The complaint alleges that the plaintiff demanded of McKinley that he enter into a formal contract in accord-

ance with the preliminary agreement and that he refused
to do so, and gave notice he would not perform. It
alleges that the defendants Day and others claim an
interest in the first contract, the one between the associa-
tion and McKinley. It prays for judgment that the
association specifically perform its contract with Mc-
Kinley, that McKinley and the other defendants spe-
cifically perform the contract with the plaintiff, and for
other relief. A motion by some of the defendants for
judgment on the pleadings, denied at Special Term, was
granted by the Appellate Division on the ground that
some of the terms of a complete agreement were absent
from the writing.

We cannot say as an inference of law from the mere
inspection of the writing that anything of substance was
left open to be agreed upon thereafter. The parties
evidently thought they were bound, for they described
the writing as a binder (cf. *Ellis* v. *Miller*, 164 N. Y. 434,
438). We are not to strain for a construction that will
defeat their expectation. The price is stated in terms of
money ($165,000). The presumption is that money was
to be the medium of payment, and that the final payment
was to be made at the delivery of the deed. The plain-
tiff tenders money as part of its complaint. Much is
made by the defendants of the fact that the memorandum
is written upon a stereotyped form which leaves a blank
for the amount of a purchase-money mortgage. Since
the blank was not filled, it may be rejected as surplusage
if the parties so intended (*Grady* v. *Fazzolari*, 134 App.
Div. 589; cf. Williston, Contracts, §§ 1141, 1909). Rejec-
tion becomes the easier in the light of the attendant cir-
cumstances. The entire payment was to be cash under
the contract between McKinley and his own vendor,
the owner of the land. The inference is natural that a
cash payment was to be made under the contract of
resale. The blank may be corroboration, in connection
with other evidence, that some other form of payment

was considered or expected. It is no evidence of itself, and surely none that is conclusive.

The memorandum does not fail of its effect as a token of a contract because a date was not fixed in it for the delivery of the deed, if none had been fixed already in the preliminary agreement (*Berman Stores Co.* v. *Hirsh,* 240 N. Y. 209; *Mesibov, Glinert & Levy* v. *Cohen Bros. Mfg. Co.,* 245 N. Y. 305). No doubt, the expectation was that a date would be supplied at the signing of the formal contract. If agreement were then to fail, delivery would be due within a reasonable time, to be fixed with due regard to the situation of the title as it was known to the parties (cf. *Schnitzer* v. *Lang,* 239 N. Y. 1, 5). Details of that order may be left open for future specification without destruction of the contract and of every remedy thereunder (*Ansorge* v. *Kane,* 244 N. Y. 395, 399; *Spiritusfabriek Astra* v. *Sugar Products Co.,* 176 App. Div. 829, 831; 221 N. Y. 581). Seller and buyer accept by implication as to such matters the test of the reasonable or the customary if no other is available. It is all a question of degree (1 Williston, Contracts, § 48; cf. *Keystone Hardware Co.* v. *Tague,* 246 N. Y. 79, decided herewith).

We do not say as a matter of law that the note or memorandum states the whole agreement of the parties. We do not say that it does not. Since the writing is not the contract, but only a note or memorandum of a contract, parol evidence will be admissible in support of the defendants' claim that its terms are incomplete (*Mesibov, Glinert & Levy* v. *Cohen Bros. Mfg. Co., supra,* p. 313). The defendants will be at liberty to show that by the true agreement of the parties other terms of payment than those apparent from the writing had already been arranged or were reserved for arrangement in the future. Such a showing will condemn the writing as defective and inadequate. The trial and not the pleadings must settle these disputes.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed with costs in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.