PHILIP GINSBERG, Plaintiff, *v.* DAVID M. OLTARSH and Another, Defendants.

Supreme Court, New York County, October 22, 1927.

**Landlord and tenant — agreement to lease — plaintiff entitled to specific performance though agreement does not expressly state date of commencement of lease — defendant enjoined pendente lite from leasing to third parties — pleadings — interpretation of writings in complaint cannot change meaning thereof.**

An agreement to lease property may be specifically enforced although it does not expressly fix the date of the commencement of the lease, where the subject-matter of the writings is such as to lead fairly to the inference that the lease was to take effect when the building was ready for occupancy, and that the lease itself was to be delivered within a reasonable time.

In an action for specific performance, the plaintiff is entitled to an injunction *pendente lite* restraining the defendant from leasing a portion of the space in question to third parties.

The interpretation which the original complaint placed upon the writings between the parties cannot change the meaning which the law places upon them or the inference legally to be drawn therefrom.

MOTION by plaintiff to restrain defendants, *pendente lite*, from leasing certain space to any one other than plaintiff.

*Emil Schlesinger* [*Henry L. Sherman* and *Harry F. Mela* of counsel], for the plaintiff.

*Michael I. Winter*, for the defendants.

FRANKENTHALER, J. This is a motion to restrain defendants, *pendente lite*, from leasing certain space to any one other than

plaintiff. It seems that defendants are seeking to evade the obligations of their agreement to lease the space to plaintiff. Plaintiff is entitled to a decree of specific performance if it can be granted. Defendants claim that a lease has already been made to someone else and that a restraining order would, therefore, be futile. The fact is that this alleged lease does not cover all the space embraced within the agreement with plaintiff and there is even serious doubt as to whether the lessee did not have knowledge of plaintiff's rights at the time he accepted his lease. As to the defense of the Statute of Frauds it need only be stated that the writings of March seventeenth and April twentieth, read together, appear to be sufficient to satisfy the statute. Although the date of commencement of the lease is not expressly fixed, the subject-matter of the writings is such as to lead fairly to the inference that the lease was to take effect when the building was ready for occupancy and that the lease itself was to be delivered within a reasonable time. (See *N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 40.) As CARDOZO, Ch. J., well said in that case (at p. 45): " Seller and buyer accept by implication as to such matters the test of the reasonable or the customary if no other is available. It is all a question of degree." If we apply that test to an agreement to lease space in a building in process of construction should it not be said that the parties intended the lease to commence when the premises were ready for occupancy? The interpretation which the original complaint placed upon the writings cannot change the meaning which the law places upon them or the inferences legally to be drawn therefrom. The motion for a temporary injunction is granted. Settle order.