CHARLES SCHAEFER, JR., et al., as Executors of CHARLES SCHAEFER, Deceased, Doing Business under the Firm Name of CHAS. SCHAEFER & SON, Respondents, *v.* BELARMINA ALVAREZ et al., Copartners under the Firm Name of B. ALVAREZ & SON, Appellants.

(Argued June 20, 1928; decided July 19, 1928.)

*Louis H. Moos* for appellants. Parol evidence is incompetent to prove an oral agreement in derogation of and at variance with the memorandum signed by the party to be charged. (*Warth* v. *Kastriner*, 120 App. Div. 480; *De Goode* v. *Burton*, 141 App. Div. 22; *Wright* v. *Weeks*, 25 N. Y. 153; *Drake* v. *Seaman*, 97 N. Y. 230; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Brauer* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 339.)

*Samuel Zirn* for respondents. Parol evidence, though not permitted to vary or contradict a written contract,

may always be offered by either party to prove the oral contract relied upon, as here, subject to the memorandum evidencing it being found sufficient. (*Atlas Shoe Co.* v. *Lewis*, 200 App. Div. 244; *Turner Co.* v. *Robinson*, 55 Misc. Rep. 280; *Grierson* v. *Mason*, 60 N. Y. 397; *Grannis* v. *Stevens*, 216 N. Y. 587; Richardson on Evidence [2d ed.], § 410.)

*Per Curiam.* Plaintiffs sued for the breach of an oral contract for the sale of two barge loads of hay valued at more than $9,000 and have recovered upon the theory that a letter signed by defendants constitutes such a note or memorandum as makes the contract enforcible under the Statute of Frauds. (Pers. Prop. Law [Cons. Laws, ch. 41], § 85.) Plaintiffs' evidence points to an unconditional and absolute oral agreement. Defendants' letter expressly states that the sale is made " subject to our ability of securing insurance on these barges." This is not a memorandum of the oral agreement proved by plaintiff. It is evidence of an entirely different agreement and is not such as the statute requires. (*Ward* v. *Hasbrouck*, 169 N. Y. 407; *Brauer* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 339; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *N. E. D. Holding Co.* v. *McKinley*, 246 N. Y. 40.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., not sitting.

Judgments reversed, etc.