CORA ARNEY et al., Respondents, v. MILDRED KRAMER et al., Appellants.— In an action to recover damages for personal injuries suffered by respondent Cora Arney, and for expenses and loss of services by respondent, Howard Arney, judgment in favor of respondents unanimously affirmed under section 106 of the Civil Practice Act, with costs. Although this court does not approve of unnecessary controversies between trial court and counsel, the instances of alleged prejudicial statements and comments asserted by appellants were occasioned by counsel's own attitude and conduct. Neither such instances, nor the exclusion of respondent Cora Arney's statement upon her application for an automobile operator's license, nor the questioned arguments to the jury in summation for respondents did, in our opinion, affect a substantial right of appellants. Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

FRANK J. BALKUM, Respondent, v. DOROTHEA M. MARINO, Appellant, et al., Defendants.— In an action for specific performance of a written contract for the purchase and sale of real property, order striking out defenses pleaded in appellant's amended answer, pursuant to rule 104 of the Rules of Civil Practice, and granting judgment in favor of respondent, pursuant to rule 112 of the Rules of Civil Practice, and judgment (one paper) in favor of respondent, reversed on the law, with $10 costs and disbursements, respondent's motion denied, with $10 costs, and the complaint dismissed on the law. The complaint does not state a cause of action. The agreement therein pleaded is vague, indefinite and incomplete, and may not be enforced. (*Ansorge* v. *Kane*, 244 N. Y. 395; *Keystone Hardware Corp.* v. *Tague*, 246 N. Y. 79; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30.) We may not construe the contract as one to pay the full purchase price in cash, since it provides for the giving of a purchase-money mortgage. If it may be read as providing for the payment of the full amount of the purchase price in cash, if respondent should be able to obtain a " G.I." mortgage, and if not, at respondent's option, by payment of part cash and the balance by the execution and delivery of a purchase-money mortgage, we may not ignore the provision of the contract which contemplates payment of such mortgage in installments, and its duration for a term to expire on a definite date in the future. The parties did not agree as to those essential elements of their contract, which apparently were left for future negotiation if a "G. I." mortgage could not be obtained. (Cf. *Spielvogel* v. *Veit*, 197 App. Div. 804.) Moreover, judgment on the pleadings should not have been granted in view of the denials of the allegations contained in paragraphs " 5 " and " 7 " of the complaint, nor should the motion to strike out the defenses have been granted. In our opinion the defenses pleaded were sufficient to withstand a motion made on the pleadings alone. The contract alleged in the complaint is not so clearly expressed as to preclude inquiry as to the intent of the parties, nor is the inference of finality from the writing alone so certain as to bar all inquiry in respect to their purpose. (Cf. *Saltzman* v. *Barson*, 239 N. Y. 332; *Grannis* v. *Stevens*, 216 N. Y. 583.) Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.