■ JOSEPH MONACO, Respondent, v. CHARLES LEVY, Appellant.— In an action by a purchaser for the specific performance of a contract, in the form of a written memorandum, for the sale of real estate, the defendant seller appeals from an order of the Supreme Court, Kings County, dated February 26, 1960, denying his motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint by reason of the patent insufficiency of the memorandum under the Statute of Frauds. In his brief on this appeal the seller renews the tender made in his answer to return to the purchaser the $400 which he paid as a deposit on the signing of the contract or memorandum. Order affirmed, without costs, unless: (a) within 20 days after the entry of the order hereon, the seller, in accordance with his tender, shall pay to the purchaser the sum of $400 as the return of his deposit; or, in the event of the purchaser's refusal to accept such return, the seller shall pay said sum into court by depositing it with the Clerk of the court in which this action is pending; such money to be paid into court, to be held and to be paid out pursuant to statute (Civ. Prac. Act, §§ 133–137); and (b) within such 20-day period, the seller's attorney shall file with said Clerk an affidavit certifying that the said payment has been made in accordance with this decision and specifying the date of the payment and the person to whom it was made. Upon the filing of such affidavit, the order is reversed, without costs, and the defendant seller's motion for summary judgment dismissing the complaint is granted. In our opinion, the memorandum sought to be enforced as the contract is incomplete and unenforcible because it does not state the duration of the proposed purchase-money mortgage or the amount of the installment payments of principal. Nor is this a case where the law can imply that the parties intended it to be due on demand, since the provision in the memorandum for installment payments, and plaintiff's statement, in his affidavit, that the parties intended "the usual and ordinary mortgage terms", negate any such implication (see Real Property Law, § 259; *Spielvogel* v. *Veit,* 197 App. Div. 804; *Pollak* v. *Dapper,* 219 App. Div. 455, affd. 245 N. Y. 628; *Lerner* v. *Lawrence,* 104 N. Y. S. 2d 723; *Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79). Nolan, P. J., Kleinfeld, Christ and Brennan, JJ., concur; Pette, J., dissents and votes for the unconditional affirmance of the order, with the following memorandum: In my opinion, summary judgment dismissing the complaint was properly denied here. The contract on its face satisfies the Statute of Frauds, despite its silence as to the mortgage maturity date and the mortgage interest rate. In the absence of such recital the law presumes that the mortgage is to be payable on demand at the legal interest rate (*Weintraub* v. *Kruse,* 234 N. Y. 575; *Wertheimer* v. *Boehm,* 241 N. Y. 575), unless the contract itself contains a provision which rebuts the presumption by disclosing an intent to agree subsequently on a specific maturity date or a different interest rate (*Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79, 84, *supra*). The contract here contains no such provision nullifying the legal presumption. Its ambiguous provision for amortization, namely: "There will be a mort. balance of $18,000 to be paid either quarterly or monthly as so desired", does not rebut the presumption of an open or demand mortgage. Such a provision does not, as a matter of course, import a fixed mortgage maturity date to be determined later by the parties. There is nothing necessarily or inherently inconsistent between a demand loan and amortization payments. In any event, whatever the inconsistency or ambiguity may be, it does not warrant the dismissal of the complaint, *on motion,* upon the ground that the contract *on its face* fails to satisfy the Statute of Frauds; a plenary trial must be had.

" Neither the parol evidence rule nor the Statute of Frauds forbids proof [upon the trial] of the actual agreement between the parties in order to resolve an ambiguity" (*Balkum* v. *Marino*, 299 N. Y. 590, modfg. 274 App. Div. 903; cf. *MacLaeon* v. *Lipchitz*, 56 N. Y. S. 2d 609, affd. 269 App. Div. 953). To justify its conclusion that the legal presumption has been rebutted, the majority relies on the plaintiff purchaser's statement (in his affidavit) that the parties intended " the usual and ordinary mortgage terms ". In my opinion, for the reasons previously mentioned that statement does not necessarily have any such effect (cf. *1130 President St. Corp.* v. *Bolton Realty Corp.*, 300 N. Y. 63, revg. 275 App. Div. 402; see dissenting opinion, VAN VOORHIS, J., 275 App. Div. 402, 405–411). Moreover, the " usual and ordinary mortgage terms " are referable to the usual and ordinary terms found in mortgages and to their statutory interpretation (cf. Real Property Law, §§ 254, 258), *and not to the mortgage maturity date.* In any event, on a motion to dismiss the complaint because of the failure of the writing sued upon to comply with the Statute of Frauds, its sufficiency must be decided as matter of law from its face; on such a motion it is error to consider any extraneous proof either to create or to cure a claimed defect in the writing under the Statute of Frauds; such proof is usually reserved for the trial (*N. E. D. Holding Co.* v. *McKinley*, 246 N. Y. 40, revg. 219 App. Div. 738; *Mandel* v. *Guardian Holding Co.*, 200 App. Div. 767, affd. 234 N. Y. 564; *Balkum* v. *Marino*, 299 N. Y. 590, *supra*; cf. *1130 President St. Corp.* v. *Bolton Realty Corp.*, 300 N. Y. 63, *supra*).