Joseph F. Hawkins, J.
Plaintiffs move for reargument of the prior motion by defendant to dismiss the complaint in an action for specific performance for general insufficiency and to set aside this court’s prior order of January 23,1970, whereby the defendant’s said motion was granted. The defendant cross-moves to deny the relief; further for an order canceling the Us pendens:
Plaintiffs base their motion upon a statement made — and not disputed by defendant — that upon the oral argument of the appeal from our said prior determination, the Justice presiding at the Appellate Division, Second Department, in denying plaintiffs’ leave to present or to discuss pleadings and matter which were not before Special Term, advised plaintiffs that such could be urged only upon a ‘ ‘ renewal ’ ’ of the original motion predicated upon the purported newly discovered evidence.
Despite the submission by the parties of voluminous memoranda of law, the questions posed appear to be simply whether this court can grant reargument or renewal to the end of vacating and setting aside this court’s prior order which order was unanimously affirmed in a memorandum opinion by the Appel *406 late Division on July 6, 1970 (35 A D 2d 655). The law of the case, consequently, has been established that the amended complaint does not state a cause of action.
The excluded matter, characterized by plaintiffs as ‘ ‘ newly discovered evidence ” consists of alleged admissions by the defendant herein in his answer to another action brought by the broker for broker’s commissions against the defendant arising out of the very aborted sale of the defendant’s residence which occasioned the action at bar. In the prior opinion, the circumstances attendant upon the transaction between the parties herein were fully considered, and, in fact, it was there noted that the issue in the action for specific performance is not to be confused with an action for broker’s commissions.
Irrespective of whether, indeed, a motion lies either to reargue or to renew, upon the submissions and upon the oral argument, we find no basis for holding that by virtue of the pleadings in another action against the defendant for broker’s commissions that the alleged admissions contained in the answer to said latter action vitiate Special Term’s previous determination and the affirmance thereof by the Appellate Division. The gist of the plaintiffs ’ problem, it would appear, is that the same averments by another might well plead a cause of action for real estate broker’s commissions but, nevertheless, when pleaded in an action for specific performance would not suffice when the Statute of Frauds is interposed as a complete bar to such latter action. It is elementary that liability ensues in an action for brokerage where a broker produces a buyer ready, willing and able to buy. In an action for specific performance, however, the Statute of Frauds when raised as a defense may be satisfied only upon a showing of compliance with the criteria found in subdivision 2 of section 5-703 of the General Obligations Law. Assuming, arguendo, there are, indeed, admissions contained in the answer to the action for brokerage, the subsequent alleged admissions cannot constitute such subscription as is required by the statute.
The plaintiffs stress Crabtree v. Elizabeth Arden Sales Corp. (305 N. Y. 48) and Scheck v. Francis (26 N Y 2d 466). Both said opinions, written by Chief Judge Ftjld, for a unanimous court, involved the applicability of the Statute of Frauds to contracts of employment rather than to real property. In the former, the memorandum suffices for as noted by the court at page 57: “Nor can there be any doubt that the memorandum contains all of the essential terms of the contract. (See N. E. D. Holding Co. v. McKinley, 246 N. Y. 40; Friedman & Co. v. Newman, 255 N. Y. 340.) Only one term, the length of employment, is in dispute.”
*407 In Scheck (supra) the court held that the plaintiff’s reliance upon Crabtree (supra) was “ misplaced ”, holding at page 471: “ However, we expressly declared, that all of the terms of the contract ‘ must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed ’ (pp. 55-56). Furthermore, the court pointed out, although a particular signed writing need not have been ‘ prepared or signed with the intention of evidencing the contract ’ (p. 53), it must have been subscribed ‘ with intent to authenticate the information therein ’ and that information must ‘ evidence the terms of the contract ’ (305 N. Y. at p. 54; see, also, Mesibov, Glinert & Levy v. Cohen Bros. Mfg. Co., 245 N. Y. 305, 310.) ”
The purported admissions contained in affirmative defenses to an action in which the plaintiffs are not parties cannot constitute such writing sufficient to render the Statute of Frauds inoperable. It is further noted that the use of the phrase “ tenative agreement ’ ’, upon which the plaintiffs place much weight, does not, in our opinion, constitute a separate writing sufficient to achieve the dignity of a memorandum subscribed by the party to be charged.
Accordingly, the plaintiffs’ motion is denied, in all respects, and the defendant’s cross motion to strike the lis pendens is granted.