LEONARD LASHWAY, Respondent, v RICHARD SORELL, Appellant.

Third Department, February 26, 1976

*Carey & LaRocque (Thomas C. LaRocque* of counsel), for appellant.

*Fitzpatrick, Bennett & Trombley (Lawrence B. Lennon* of counsel), for respondent.

SWEENEY, J. Plaintiff brought this action for specific performance of a land sale contract, alleging that he timely exercised an "option for property" obtained from defendant for a consideration of $200. Defendant moved to dismiss the complaint on the ground it does not state a cause of action and further, any such action is barred by the Statute of Frauds. Special Term, treating the motion as one for summary judgment pursuant to CPLR 3211 (subd. [c]), held that a

certain written memorandum was sufficient to satisfy the Statute of Frauds, and denied the motion.

The sole issue on this appeal is whether the memorandum evidencing the alleged contract is sufficient to overcome the Statute of Frauds. It reads as follows:

"OPTION FOR PROPERTY Mar. 22, 73

I hereby agree to sell·to LEONARD LASHWAY Approximately 450 acres, in the Town of Duane for ____ per acre. Lot No. 3-4-11 Vol No. ____ Page ____ Option Contract for 1 months. $60,000 Total — $19,500 Down payment Bal in Five Years at .07% Int.

BUYER: LEONARD LASHWAY
SELLER: RICHARD SORELL
WITNESS:

        Leonard Lashway
        After 30 day the sum of $200. belong
        to Richard Sorell
·$147.70 Tax"

On a motion for summary judgment, the sufficiency of the writing must be decided as a matter of law from its face. (*Monaco v Levy,* 12 AD2d 790, 791.) The present memorandum discloses no intent to agree subsequently on any essential term of the contract. It evidences completely all of the essential terms of a valid contract for the sale of real property. While we agree with the dissent that the memorandum contains no reference to a mortgage, it does not fail of its effect on that account. A reading thereof clearly demonstrates that the purchase price is $60,000, with $19,500 as the down payment. Presumably, the balance is to be paid either by way of a bond with a mortgage as security or under an installment contract, over a period of five years at 7% interest. Such details may be left open for future specification without destruction of the contract. (*N. E. D. Holding Co. v McKinley,* 246 NY 40, 44-45.) Plaintiff seeks specific performance of the contract for the sale of the property, and it can be specifically performed without reference to a mortgage. Such was not the case in *Keystone Hardware Corp. v Tague* (246 NY 79) where the memorandum mentioned mortgages but did not provide for the term of the mortgages.

Whether the writing evidences the actual oral agreement between the parties is a factual issue to be resolved by a trial. Neither the parol evidence rule nor the Statute of Frauds

forbids proof of the actual agreement in order to establish whether the writing does, or does not, accurately evidence such prior oral agreement. *(Balkum v Marino,* 299 NY 590, 592.) On the trial, therefore, parol evidence will be admissible to support defendant's claims that there are essential terms lacking in the present memorandum. We conclude that it is sufficient on its face, as a matter of law, to overcome the Statute of Frauds and Special Term properly denied the motion.

The order should be affirmed, with costs.

GREENBLOTT, J. P. (dissenting). The correct rule in cases such as this is that where there is a disagreement between the parties as to whether or not a memorandum contains all the essential agreed upon terms of a contract, parol evidence is admissible to support the claim of the party resisting specific performance that there are essential terms, agreed upon by the parties, which are not set forth or referred to in the memorandum. (See *N. E. D. Holding Co. v McKinley,* 246 NY 40, 45.) The majority, however, completely ignores the fact that in the present case it is an established fact that essential terms are indeed missing from the memorandum, wherefore there is no need for a trial to substantiate defendant's contentions.

Numerous cases support the proposition that a mortgage and the terms thereof, if agreed upon, are essential elements of a contract, and those terms must be set forth in the writing, otherwise specific performance cannot be decreed. *(Keystone Hardware Corp. v Tague,* 246 NY 79; *Monaco v Levy,* 12 AD2d 790; see, also *N. E. D. Holding Co. v McKinley, supra.)* It is clear from an examination of the memorandum in the present case that no mention is made of a mortgage or of the terms thereof. Nevertheless, the plaintiff, in his affidavit in opposition to the defendant's motion for summary judgment, states "[t]hat it is a fact that the parties agreed that a mortgage would be given as security for the unpaid balance of the purchase price". Thus, the plaintiff has himself admitted that there was an agreement upon an essential term which is nowhere referred to in the memorandum. On this state of the record, there is no need for further proof, since any other terms of agreement which the defendant might establish and which were absent from the memorandum, would be merely cumulative. The absence of reference to the mortgage, conceded by plaintiff to have agreed upon, is in and of itself

sufficient to defeat the memorandum as a sufficient writing upon which specific performance can be granted.

For the reasons stated herein, I would reverse the order appealed from and grant the defendant's motion for summary judgment dismissing the complaint.

KANE, LARKIN and REYNOLDS, JJ., concur with SWEENEY, J.; GREENBLOTT, J. P., dissents and votes to reverse in an opinion.

Order affirmed, with costs.