■ JAMES J. ROHRWASSER, Appellant, v AL & LOU CONSTRUCTION CO., INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 15, 1980 in Albany County, which denied plaintiff's motion for summary judgment. On April 20, 1979, plaintiff and defendant's president signed a document which was purportedly an agreement for the sale of real property. The document identifies the parties and the subject property, states the price to be paid and is subscribed by both parties. It fails, however, to include a date for closing and in the standard mortgage contingency clause contained therein the amount of money required for the mortgage and the date when the purchaser was to notify the seller of his inability to obtain a mortgage were left blank. The document required a $5,000 deposit and this sum was paid by plaintiff to defendant after the signing. When defendant thereafter refused to return the $5,000 to plaintiff upon demand, the present action was commenced seeking a declaration that the document in question is invalid as a binding agreement for the sale of real property under section 5-703 of the General Obligations Law and demanding a refund of the $5,000 to plaintiff. A motion for summary judgment was made by plaintiff and denied at Special Term. This appeal ensued. On a motion for summary judgment, it must be determined as a matter of law whether the writing on its face is sufficient to comply with the Statute of Frauds *(Lashway v Sorell,* 51

AD2d 97, app dsmd 39 NY2d 799). In our view, the failure to provide for a closing date and the failure to fill in the blanks in the mortgage contingency clause do not invalidate the agreement under the Statute of Frauds and the writing on its face is sufficient as a matter of law (see *N.E.D. Holding Co. v McKinley,* 246 NY 40; *Lashway v Sorell, supra; Birnhak v Vaccaro,* 47 AD2d 915). Whether the writing contains the whole agreement of the parties is a factual issue to be resolved at trial. Consequently, Special Term properly denied plaintiff's motion for summary judgment and the order should be affirmed. Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.