ROBERT A. ALLEN et al., Appellants, v ROBERT L. SMITH, SR., et al., Respondents.—Yesawich, Jr., J.

On July 2, 1984, the parties entered into a contract for the purchase and sale of real property located in Washington County for $125,000. The agreement contained a mortgage contingency clause which obligated the purchasers, defendants herein, to apply for, and to use their best efforts in doing so, a mortgage loan from two lending institutions; neither the

amount of the mortgage nor the terms thereof were set out in the contract. At the time, the property was the subject of a foreclosure action and pending tax sale. Perceiving the agreement to have been breached, the sellers, plaintiffs herein, commenced suit for specific performance and moved for and were granted summary judgment. A judgment was entered on October 15, 1984 which directed defendants to perform the contract and, among other things, dismissed defendants' counterclaim and affirmative defenses and transferred the matter to Trial Term for an assessment of damages.

Approximately eight months thereafter, the property was apparently sold to others for $101,500—$23,500 less than the contract price. Ten months after the judgment had been procured, and two months after the sale, defendants moved pursuant to CPLR 3012 (d) and 5015 (a) for an order vacating the judgment and dismissing plaintiffs' complaint. They maintained vacatur was indicated because the failure of their prior counsel to interpose appropriate responsive papers to plaintiffs' motion for summary judgment constituted "law office failure", an excusable default, and that they had two meritorious defenses, namely, that the purchase agreement was unenforceable and, alternatively, if it was enforceable, that they had complied with its terms. Plaintiffs cross-moved for an order partially assessing damages in the sum of $23,500 and interest, with leave to apply to Special Term for an assessment of the balance of their claimed damages as soon as practicable (see, Tator v Salem, 81 AD2d 727). To the extent relevant here, Special Term opened and vacated the October 15, 1984 judgment but allowed it to remain of record for security purposes, and denied both defendants' request to dismiss the complaint and plaintiffs' cross motion. Plaintiffs have appealed.

Defendants' contention that meritorious defenses were advanced is unpersuasive. The fact that the mortgage contingency clause was incomplete does not, as defendants urge, render the contract unenforceable. As was observed in *Rohrwasser v Al & Lou Constr. Co.* (82 AD2d 1008), "failure to fill in the blanks in the mortgage contingency clause do[es] not invalidate the agreement under the Statute of Frauds" (*id.,* p 1009).

Nor is there vitality to defendants' claim that they abided by the contract. They were required to make two good-faith applications for a mortgage. Even assuming that two applications were managed, the first was made by one applicant only —defendant Robert L. Smith, Sr. Given that the purchaser is

contractually defined as being both Smith and defendant Germaine Daigle (who have since married), omission of the latter is a formidable shortcoming for the mortgage was denied because of insufficient income and inadequate collateral and Daigle is the sole beneficial owner of a motel which apparently represents the primary source of the now-married defendants' joint income.

Also not without significance are uncontroverted admissions made by Smith to the broker handling the transaction, chief among them that Smith "saw no reason to pay full price for the property, when there was a chance that he could pick it up for a fraction of that price at a tax sale" and that defendants had decided not to make a mortgage application "because they really were no longer interested in the property".

The cross motion was properly denied. Plaintiffs' damages, if any, are to be resolved at a plenary hearing before Supreme Court at trial, not on the conclusory and undocumented allegations contained in the affidavit of plaintiffs' counsel.

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to vacate the default judgment and by deleting the grant of related relief awarded in the second ordering paragraph; said motion denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.