■ RED HOOK MARBLE, INC., Respondent, v HERSKOWITZ & ROSENBERG, Appellant. [789 NYS2d 689]—In an action, inter alia, for a judgment declaring the rights and obligations of the parties relating to the plaintiff's option to purchase certain real property from the defendant, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 16, 2003, which granted the plaintiff's motion for an extension of time in which to exercise the option and denied the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

In an action, inter alia, for a judgment declaring the rights and obligations of the parties relating to the plaintiff's option to purchase certain real property from the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County

(Ruchelsman, J.), dated November 14, 2003, which, in effect, denied its motion, among other things, to fix and determine the terms of the mortgage in connection with the exercise of the option, and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the option to purchase the subject real property is unenforceable.

Contrary to the plaintiff's contention, the Supreme Court properly found that the absence of a provision defining the term of a proposed mortgage rendered the instant option contract unenforceable (*see Marder's Nurseries v Hopping,* 171 AD2d 63, 71-72 [1991]; *Donner v Septimus,* 137 AD2d 484, 485 [1988]; *Monaco v Levy,* 12 AD2d 790 [1961]).

Furthermore, the failure to plead the statute of frauds did not preclude the Supreme Court from granting summary judgment on that ground (*see Rogoff v San Juan Racing Assn.,* 54 NY2d 883 [1981]). In the instant case, Red Hook Marble, Inc., should not have been surprised by a statute of frauds defense, where the complaint specifically alleged that "[t]he option to purchase, which was drafted by or on behalf of the Defendant omits substantial and integral terms, including but not limited to the term of the mortgage which the landlord was to provide the tenant if [the] tenant exercised the option" (*see CPLR 3018 [b]*).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the option to purchase the subject real property is unenforceable (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.